No. 49.—OLIVER H. PERRY, for the use, &c. plaintiff in error, *vs.* R. W. HUDSON, defendant.

[1.] Where the principal adopts and ratifies the acts of his agent, such adoption and ratification of his authority relates back to the time of the transaction, and is deemed, in law, the same to all purposes as if it had been given in the first instance.

[2.] Where the principal, with knowledge of all the facts, adopts and acquiesces in the acts done under an *assumed* agency, he cannot afterwards be heard to impeach them, under the pretence that they were done without authority or even contrary to instructions.

[3.] It is error for the Court to charge the Jury on an assumed state of facts which have not been proved.

Perry *vs.* Hudson.

Assumpsit, from Troup.  Tried before Judge HILL, May Term, 1851.

This action was brought to recover money paid by plaintiff (Perry) as security for defendant, under judgments in Wilcox County, State of Alabama.  To this action defendant pleaded the general issue and payment.  On the trial below, plaintiff introduced exemplifications of three suits instituted by the defendant, through his agent, Josiah T. Melton, in said County of Wilcox, in the year 1846—one against Richard Parker, one against LeGrand Parker, and a third against Susannah Hudson.

The suits were brought in the name of defendant, as administrator of Richard Hudson, deceased, and being a non-resident, he was required to enter into bond with. security, in each suit, for the cost, in the event he should discontinue or be cast in said suits.  These bonds bind the defendant personally for the costs, and his security, the said Oliver H. Perry, plaintiff in error.  After the institution, Hudson went to Wilcox, employed counsel, adopted the suits himself, continued them twice and conducted them in person.  The second continuance was granted on terms, to wit, " that the plaintiff (Hudson) pay the cost of the term within one hundred and twenty days, or the suit be dismissed."  The cost was not paid, and on motion at the succeeding term, (Fall Term, 1847,) the suit was dismissed, and judgments were entered against Oliver H. Perry, as the security of said Rowland W. Hudson, for costs, amounting in the three suits, to something over six hundred dollars.  On these judgments, executions issued and were levied on Perry's property, and then Hudson refusing to come to Perry's relief, Melton advanced the money to Perry and agreed to wait the termination of this suit for a reimbursement.  For this reason alone, Melton is made the usee in the action.  The ratification of the suits in Wilcox, was also proven by James T. Johnson, the attorney employed by Hudson, to prosecute them, who testified that he undertook the prosecution of the suits at the instance of Melton, as agent in the first place, but carried them on on the retainer, and at the request of Hudson personally.

After the plaintiff closed, the defendant offered the interrogatories of Theresa Killabren, to prove that before Melton went to the County of Wilcox, she heard Hudson instruct him not to bring suit for the negroes, and that after Melton returned and informed Hudson that he had commenced suit, Hudson seemed angry and disapproved it. Plaintiff's counsel objected to this testimony being read to the Jury, on three grounds :

1. Because it was special matter and could not be given in evidence under the general issue.

2. Because the issue here was not between Melton and Hudson, but between Perry and Hudson, and that Perry could not be prejudiced by secret instructions from Hudson to Melton, unless they brought to his knowledge before he became liable as security.

3. Because the testimony went behind the ratification and did not contradict, conflict with, or lessen the force of the proof of ratification, and was therefore immaterial.

The Court overruled the objections, and permitted the testimony to be read, and plaintiff excepted. Defendant then, after some attempt to prove payment, which failed, closed.

In rebuttal, plaintiff tendered in evidence a power of attorney executed by defendant and one Susan P. Hudson, authorizing and empowering said Josiah T. Melton, to go to the County of Wilcox, and " ask, demand, sue for and recover" the property in question. The power was in the usual form, and dated in December, 1845. Defendant objected to the reading of this power of attorney to the Jury, on the grounds,

1. That it was executed by two persons, and could not be used in this suit against Hudson alone.

2. Because it was not rebuttal.

Plaintiff insisted that it was good evidence to show that Hudson did assent to the institution of suits, and was rebuttal to the testimony of Miss Killabren. The Court rejected the evidence, and plaintiff excepted.

The Court, among other things, charged the Jury that " if they believed that Hudson did not order the suits, nor subsequently adopt them, but by *an agreement* with Melton, permitted

Perry *vs.* Hudson.

Melton to use his name only, and Melton's own costs, then they should find for the defendant, with costs of suit." To which charge plaintiff's counsel excepted, on the ground that such an agreement was neither pleaded nor proven, nor attempted to be, and therefore could not be considered by the Jury.

The Jury returned a verdict for defendant, and plaintiff moved for a new trial, on the grounds above mentioned, and on the further grounds that the verdict of the Jury was contrary to law, evidence, and the charge of the Court.

The Court refused a new trial, and plaintiff excepted. And these exceptions are now assigned for error.

B. H. HILL, for plaintiff in error.

W. DOUGHERTY, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The plaintiff in error insists upon two of the grounds only, taken in the bill of exceptions, and our judgment will be restricted thereto.

[1.] First, that the Court erred in admitting the evidence of Theresa Killabren, a witness offered by the defendant. It appears from the record, that Melton, as the agent of Hudson, the defendant, went to the State of Alabama, and instituted three actions of trover in the name of Hudson, to recover sundry slaves. Being a non-resident, he was required to give security for the costs of the respective suits, and the plaintiff became his security; the suits were instituted in the name of Hudson, were subsequently dismissed, and the costs thereof paid by Perry, who now brings suit against Hudson, to recover the amount of costs so paid.

It appears that after the suits had been instituted by Melton, as the agent of Hudson, in the name of the latter, he went to Alabama, assisted in the prosecution of the suits, and continued the same twice on *his affidavit.* The continuance of the causes on the *affidavit of Hudson,* the plaintiff therein, is not only shewn by the *records* of the Court in which the suits were pending, but

is also shewn by the testimony of James T. Johnson, Esq. the attorney, who conducted the suits.

Here then, we have the most conclusive evidence that Hudson *ratified* the act of his agent in instituting the suits, whatever may have been the original authority delegated to him, and by such ratification made the act his own, and bound him as a party plaintiff, for the legal results of the suits thus instituted. 1 *Livermore on Agency,* 44. When the principal adopts the acts of his agent, such adoptive authority relates back to the time of the transaction, and is deemed in law the same to all purposes, as if it had been given before. *Lawrence vs. Taylor,* 5 *Hill's N. York R.* 113.

The *acts of ratification* of the authority of Melton to institute the suits by Hudson, were not controverted at the trial; indeed, the fact that he *continued* the causes twice on *his affidavit,* appeared of record. Upon this state of facts, Hudson attempted to shew that the suits were instituted in Alabama, by Melton, his agent, *without his authority,* and therefore he was not liable to pay the costs of the same, and for that purpose the testimony of Killabren was introduced. This evidence was inadmissible, in our judgment, to destroy the effect of his own conduct, *ratifying* the institution of the suits as before stated, by proving the *private* understanding between himself and Melton in relation to the suits, *prior* to the time it was shewn he had ratified the institution of them by continuing them, and aiding and assisting in their prosecution. The suits were instituted in his name, and if done without his authority, why did he not dismiss them? Why did he continue them twice, and aid in the prosecution of them?

[2.] Chancellor Kent states the true doctrine in relation to this question, when he says, "It is a very clear and salutary rule in relation to agencies, that where the principal, with knowledge of all the facts, adopts or acquiesces in the acts done under an *assumed* agency, he cannot be heard afterwards, to impeach them, under the pretence that they were done *without authority,* or even *contrary to instructions.*" 2 *Kent's Com.* 616. The defendant having *ratified* the institution of the suits in Alabama,

after a full knowledge that the same had been done by Melton, in his name, he cannot now be heard, to *repudiate* the act, under the pretence that the suits were instituted without his authority, or contrary to his instructions.

The second objection is to the latter part of the charge of the Court to the Jury.

[3.] The Court in the first part of its charge to the Jury, stated the principles of the law applicable to the case before it, with clearness and precision. But in that portion of its charge, in which it instructed the Jury " that if they believed that Hudson did not order the suits, nor *subsequently adopt them*, but that by an agreement with Melton, permitted Melton to use his name only, at Melton's own costs, then, they should find for the defendant," we think there is error.

There is not a particle of evidence in the record, that we can discover, going to shew that Hudson *did not adopt* and *ratify* the act of Melton in instituting the suits, but on the contrary, the evidence is, that he did adopt and ratify the institution of them, by continuing them twice on his own affidavit, and assist in the direction and prosecution of them. This evidence of the plaintiff was not impeached or controverted in any manner whatever, as we can find in the record; consequently, it was error to instruct the Jury in regard to an assumed state of facts which did not exist; for there was *no evidence* before them, which would authorize the belief that Hudson *did not subsequently adopt* and *ratify* the suits, after they had been instituted in his name by Melton; but the whole of the evidence in relation to that point, was the other way, and this was the controlling question in the case. The whole of the latter part of the charge, in our judgment, destroyed the legal effect of the first portion of the charge, which stated the law correctly, and was based upon the evidence of the *adoption* and *ratification* of the suits by the defendant. In *Paschall vs. Davis*, (3 *Kelly*, 256,) we held it to be error in the Court to charge the Jury upon an assumed state of facts, which had not been proved, and have re-affirmed that principle in subsequent cases.

Let the judgment of the Court below be reversed.