## HILLER *vs.* HOWELL.

[Jackson, C. J., did not preside, on account of providential cause.]

1. Where two defendants, after verdict against them, moved for a new trial, which was granted as to one and refused as to the other, and the terms of the order granting it as to the one show that such grant rested on a question of law as to the striking of a plea, and not upon the fact that the verdict was contrary to or unsupported by evidence, the general rule as to the discretion of the presiding judge in granting a first new trial does not prevail.

(*a.*) What is necessary to make a tender effectual as a performance, stated.

(*b.*) A surety is not released because an incomplete tender, made by his principal, was rejected by the creditor.

2. Even if it were error to strike the plea in this case, it was not an error that injured the defendant, he having been allowed to introduce, under another plea, all the evidence which could have been introduced under that which was stricken; and the verdict should not have been disturbed on that ground.

3. Pleas which set up a defence under a written contract, in so far as they seek to contradict such writing, are demurrable.

October 2, 1884.

New Trial. Practice in Supreme Court. Tender. Debtor and Creditor. Principal and Surety. Contracts. Pleadings. Before Judge Fort. Sumter Superior Court. April Adjourned Term, 1884.

Reported in the decision.

B. P. Hollis, for plaintiff in error.

CHAS. F. CRISP; J. W. BRADY ; HAWKINS & HAWKINS; B. B. HINTON. for defendant.

HALL, Justice.

This suit, in the statutory form, was brought upon a promissory note signed by L. P. Howell and John T. Howell. The note was given for merchandise sold by the plaintiff to them; it was dated 7th of February, 1880, and due 1st day of January then next; it had a condition annexed, to the effect that upon its maturity, if the makers should fail to pay the full amount in money, then the plaintiff should receive the amount remaining due in merchandise, at the price at which he sold it to them. Various defences were made to the suit; among others was a plea filed by defendant, John T. Howell, that he was only security for the other defendant; that no part of the consideration inured to him, and this fact was well known to the plaintiff; that the note was given for merchandise; that, at the time of making it, the parties agreed that the plaintiff. at its maturity, should take back any of the goods which were then unsold and "credit the note therewith;" that the agreement was indorsed in writing on the note; that at the maturity of the note, defendant, L. P. Howell, tendered to plaintiff's agent about two-thirds of the goods bought from him, and asked credit for the amount; that the tender when so made was refused; that L. P. Howell was then and is now insolvent; that he sold a large part of the goods tendered, and some year thereafter delivered to plaintiff the balance then on hand, the same not being one-half of what he had when the tender was first made, and the other part had been disposed of by L. P. Howell; and he claims that the refusal of the tender when made to the plaintiff, not being done with his consent, increased his risk and exposed him to greater liability; and thereby discharged him from any obligation to comply with the contract.

This plea was filed on October 10, 1883, and was not

sworn to; the failure to verify seems not to have been insisted on in the lower court, and was expressly waived here. To this plea the plaintiff demurred *ore tenus,* because its allegations are vague and uncertain; it does not show what goods were tendered or the value thereof, and does not set forth a good tender in law; and because it departs from the terms of the contract on which the suit was brought and to which it refers    The demurrer was sustained and the plea stricken.

A trial was had upon the other issues made by the pleadings and evidence, and the jury returned a verdict for the full amount of the note, less a credit thereon, on the 3d of November, 1881, of two hundred and thirty-two dollars, for that amount of merchandise returned.  Defendants moved for a new trial upon two grounds:

(1.) Because there was error in sustaining the demurrer to and in striking this plea.

(2.) Because the verdict of the jury is contrary to evidence and without evidence to support it.

The court granted a new trial to John T. Howell, the party filing this plea, and refused it as to the other defendant.   This grant of a new trial is the error assigned here.

1. It is evident that the judge would not have granted the new trial, had he not been of opinion that he erred in sustaining the demurrer to this plea; it is equally evident, from the terms of the order refusing it to the other defendant, that the new trial was not put upon the second ground of the motion    For this reason, we do not think that the rule that generally obtains in the first grant of a new trial should prevail here. The only questions presented by this record for our consideration are questions of law.

That this is deficient as a plea of tender and discharge of the alleged surety, we can have little doubt.  A tender, to be effectual as a performance of the contract, must be certain and unconditional, in full of the specific debt, and not in part.  Code, §2874    Unless these conditions be complied with, the party is not bound to receive it; this

is the rule where the obligation is to be discharged in money, and there is no relaxation of it, when payment is to be made in specific articles. The party to whom they are tendered must be able to take immediate possession of them at the time and place agreed on in the contract, but if no place be agreed on, they must be carried to the person entitled to them, if residing within the state, unless from the nature of the articles or contract another place of delivery be inferred. If the articles be cumbrous, the deliverer may demand the receiver to appoint a convenient place of delivery, and on failure to do so, the tender shall be complete Code, §2875. None of these conditions seem to have been complied with in this case; the testimony of L. P. Howell shows how far short of these requirements this alleged tender fell. We have been unable to find any authority that would release a surety, because an incomplete tender, made by his principal, had been rejected by the creditor; the cases, as we take it, are the other way, and this for very obvious reasons; the surety engaged that his principal should perform all the terms and discharge all the obligations of his contract,—not a part of them only; that he should make a complete tender, and not a mere semblance of one. If he failed in his duty in this respect, no title to the articles passed to the creditor; it remained in the principal debtor, and the articles were at his risk. The creditor, in refusing, has not increased the risk or liability of the surety; he has only availed himself of rights under the law in reference to which the contract was made, and the surety cannot impute to him his own want of vigilance in looking after the performance of the contract on the part of his principal. As to the insufficiency of an uncertain or partial tender, see Fridge vs. The State, use of Kirk, 3 Gill & Johns., 103 (S. C., 20 American Dec., 463). What was said obiter by Bleckley, J., in Bonner vs. Nelson, 57 Ga., 437, is not in conflict with, but in accordance with, the views here expressed. The demurrer to this plea was

v7 4-12

properly sustained by the court, and his first judgment thereon should not have been reversed upon the hearing of the motion for a new trial.

2. But conceding that this plea should not have been stricken, what injury was done to the defendant thereby? He proved all, under another plea filed by both defendants and sworn to by him on the 11th day of October, 1882, that he could have proved under this; and giving to the evidence all the force claimed for it, it falls very far short of establishing a tender under the requirements of the law; the party testifying about it is wholly uncertain as to what was tendered or its value; the agent, to whom it is alleged to have been made, flatly denies that there was even an offer to return the stock of goods on hand when the note matured and when payment was demanded by him; this last plea states that the sale was made to the defendants, and impliedly admits that they were joint contractors, and did not sustain to each other the relation of principal and surety; besides, they were both examined on the trial, and not one word is said by either of them as to the existence of any such relation between them. There is nothing in this testimony, or in anything suggested as to their ability to produce other evidence, that could bring about a different result from that attained by the verdict. Even if error has been committed, it did not hurt the defendant, John T. Howell, and that being the case, the finding of the jury should not be disturbed.    41 *Ga.*, 660.

3. So far as the pleas conflict with the terms of the agreement declared upon, and on which the defendants base their defence, and thereby seek to contradict the writing, they were demurrable, and on that ground were properly disallowed. 57 *Ga.*, 350. The judgment setting aside the verdict and granting a new trial must, for these reasons, be vacated and annulled.

Judgment reversed.