BROWN *et al.*, administrators, *v.* MOORE.

| 83 | 605 |
| 95 | 797 |

| 83 | 605 |
| 108 | 147 |

A quantity of written matter containing the declaration, copies of certain interrogatories and a stenographic report of questions and answers, followed by a certificate of the court below that "this brief is approved as true and correct," is not the brief of evidence which the law requires. There being no brief of evidence before this court, it cannot tell whether the court erred in refusing to grant a nonsuit or whether the interrogatories objected to were improperly admitted.

November 6, 1889.

Practice.  Evidence.  Before Judge RICHARD H. CLARK.  Douglas superior court.  January term, 1889.

Reported in the decision.

J. S. JAMES and G. N. LESTER, for plaintiffs in error.
JOHN V. EDGE and T. W. LATHAM, *contra*.

BLANDFORD, Justice.

The errors alleged in this case are, the refusal of the court to award a nonsuit, the admission of certain testimony, and that the verdict is contrary to law and to the evidence.

As there is no brief of evidence before us in this case, we do not know whether the court erred or not in refusing to grant a nonsuit. We have here a considerable quantity of written matter, in which is contained the declaration, copies of certain interrogatories, and a

stenographic report of questions and answers, followed by a certificate of the judge of the court below that " this brief is approved as true and correct"; but under the rulings of this court, it is not the brief of evidence which the law requires; and we decline to open this mass of matter to determine whether a nonsuit was properly refused or not. A brief of evidence might have been made up from this report—there is material enough, but we decline to make one for counsel or parties. For the same reason, we do not know whether the interrogatories objected to were improperly admitted or not.

This record is somewhat in the condition of the record dealt with by the Chief Justice in his opinion in the case of *Mehaffey* v. *Hambrick*, just decided; and I here take occasion to say that I approve fully of everything he said in that opinion. This case is also fully covered by the decision in *Wiggins* v. *Norton et al.*, 83 *Ga.* 148. And while I was not present when the decision in that case was made, I concur fully in every word of it. If counsel will persist in bringing here records of this character, they must take their chance of not being heard as to the matters they complain of.

As we do not know from the record whether the court below committed error or not, and the presumption being that his rulings were correct, the judgment is

*Affirmed.*