### SETTLE v. BREWER.

BECK, J.　1. Where a cause upon the equity side of the superior court had been referred to an auditor, and upon the filing of his report exceptions of fact to the same were filed by both the plaintiff and the defendant; and where certain of these exceptions were approved by the court and submitted to the jury, and a verdict was rendered on the issue submitted to them, and where afterwards a motion for a new trial was made, and an order was duly passed allowing the movant until the day of hearing to file and have approved a brief of the evidence, a brief of the evidence submitted when the motion was called for a hearing was in time.

2. But where counsel for movant at the hearing offered a brief of the evidence adduced on the trial before the auditor, and asked that so much of said brief as was specified in the exceptions filed by both parties to the auditor's findings of fact be approved as a brief of the evidence in the case, the court, on objection by the respondent to the approval of the document tendered as a brief of the evidence, on the ground that it was not a legal brief of the evidence submitted to the jury, should have sustained the objection, and the document should have been rejected as a brief of the evidence, or then and there purged of immaterial evidence and made complete before approval by the judge.

3. But where neither counsel for the movant nor the judge undertook to purge the alleged brief of immaterial matter and of evidence which was not heard upon the trial before the jury, but the judge approved the brief by an order reading as follows: "It is ordered that so much of the evidence in this brief as is specified in the exceptions filed by the plaintiff, S. S. Brewer, and the exceptions filed by J. W. Settle, to the auditor's findings, be and the same is hereby approved as a correct brief of the testimony adduced on the trial of the exceptions to the auditor's findings by the jury, and it is ordered to be filed as a part of the record in the motion for new trial," this was not such an unqualified approval of the brief as rendered the document with reference to which the order was passed an approved brief of evidence. And that being the only brief of evidence filed within the time allowed by orders of the court duly passed for filing and having approved a brief of evidence, the court should have sustained the motion to dismiss the motion for a new trial.

*Judgment reversed.　All the Justices concur.*
DECEMBER 12, 1913.

Exceptions to auditor's report.　Before Judge Meadow.　Elbert superior court.　May 8, 1912.

*J. H. Skelton* and *C. P. Harris,* for plaintiff in error.
*George C. Grogan,* contra.