## MURRAY *v.* DAVIDSON.

214

No. 8637. January 13, 1932. Rehearing denied February 13, 1932.

*E. W. Maynard,* *E. F. Taylor,* and *Charles H. Garrett,* for plaintiff in error.

*W. H. Harris* and *C. L. Shepard,* contra.

Hines, J.    J. E. Davidson brought suit against W. D. Murray on three promissory notes of the latter, the three being for the sum of $5,734.25.    These notes were payable to A. J. Evans and J. E. Davidson.    Murray filed a plea setting up the payment of these notes.    In his plea he alleged that on October 19, 1922, he bought from the Oak Lawn Fruit Farm, a partnership composed of Davidson and Evans, a tract of land known as the Sunset Lands; that he paid on the purchase-price thereof the sum of $1,000; and that he gave the three notes for the balance of the purchase-price. In his plea he further set up that Evans, from January 1, 1923, up to the year 1927, made advances to him for the purpose of operating said farm, and that he delivered to Evans all the products raised on said farm from the time he bought it until the year 1928.    He further alleged that each year when he delivered to Evans, who was acting for said partnership, the products from said farm, he directed that the proceeds arising from the sale thereof be applied, first, to the money that he had been so advanced for operating the farm, and, second, to the payment of the notes given by him for the purchase-price of the farm.    He alleged that Evans agreed that the money to be derived from the sale of the products of said farm should be so applied.    He further alleged that he delivered the farm products grown on said land for the years 1923, 1924, 1925, 1926, and 1927 to Evans for said partnership, and that Evans sold said products and realized therefrom $18,000.    He further set up that all the money advanced by Evans between the time he purchased said place and the time of filing his plea did not exceed $8,000, and that said partnership had received $10,000, which was more than he owed on the purchase-price of said farm.    In this manner he alleged that he had

fully paid said notes. He prayed for specific performance of his contract of purchase, and in addition for a judgment for $4,000, the amount he paid to Evans for said partnership over and above the amount of said purchase-money. Murray introduced evidence tending to establish his plea of payment and the allegations therein set out.

Davidson denied that Murray had paid these notes in the manner set out in his plea of payment, or had paid these notes in any way. He set up, that, prior to the time when Murray purchased said lands, Murray and Evans had been operating the Suburban Fruit Farm, that after the purchase by Murray of the Sunset Lands the latter land was operated as a part of the Suburban Fruit Farm by Evans and Murray and was not operated as a separate enterprise, that Murray had only an interest in the net profits of the operation of both the Sunset Lands and the Suburban Fruit Farm, and that there were no net profits arising from the joint operation of both, to be applied to the payment of the notes sued on. The plaintiff introduced evidence tending to establish his allegations upon this subject.

On October 8, 1930, during the September term, 1930, of the superior court, the jury returned a general verdict in favor of the defendant. On that day the plaintiff moved for a new trial upon the general grounds. The motion was set to be heard at Macon, Georgia, in vacation, on November 15, 1930. At the same time an order was taken that movant might amend his motion at any time before the final hearing, and that the movant should have until the hearing, whenever that might be, to prepare and present for approval a brief of the evidence in the case; that the presiding judge might enter his approval thereon at any time either in term or vacation; and that if the hearing of the motion should be in vacation, and the brief of evidence had not been filed in the clerk's office before the date of the hearing, the brief might be filed in that office at any time within ten days after the motion was heard and determined. On February 21, 1931, plaintiff amended his motion for new trial by adding thereto certain special grounds. The judge on the same day approved the grounds of the motion for new trial as amended; and ordered the same filed as a part of the record in the case. On the same day plaintiff presented to the judge a document purporting to be a brief of the evidence intro-

duced on the trial. On this brief was an agreement, dated January 31, 1931, which was signed by counsel for both parties, in which they agreed that the document contained "a true and correct brief of so much of the evidence adduced upon the trial of the case . . as is material to the pending motion for new trial therein."

Thereupon the motion for new trial was heard; and the judge reserved his decision upon the motion.

While the trial judge had the decision of the motion under advisement, the defendant, on May 16, 1931, filed his motion to dismiss the motion for new trial, upon the following grounds: (1) Plaintiff and his counsel had been negligent in not having the evidence transcribed in order that the brief of evidence might be presented to the court for its approval long before February 21, 1931; and if they had been diligent, the motion for new trial could have been heard on November 15, 1930. (2) Movant did not present a legal brief of the evidence within the time fixed by the orders of the court, nor did he make a bona fide attempt to brief the evidence within the time fixed by the orders of the court, and did not present to the court within the time fixed by its orders a proper and legal brief of the evidence. (3) The order approving the document tendered on February 21, 1931, as a brief of the evidence in said case, was improvidently and illegally granted, for the reason that movant did not present a legal brief of the evidence as provided by law, the original order on the motion for new trial providing that the movant should have until the hearing to prepare and present for approval a brief of the evidence; that it is fatal to the motion for new trial that no legal summary of the material parts of the record and evidence were submitted to the court before the hearing on the motion began; and that the order approving the brief of the evidence should be vacated, for the reason that the movant utterly failed to comply with this indispensable requisite. Defendant prayed that the order approving the brief of the evidence be revoked and vacated; that the motion for new trial be dismissed for failure on the part of the plaintiff to present for approval any brief of the evidence within the time provided by the orders of the court; and that the said paper purporting to be a brief of the evidence presented to the court on February 21, 1931, be purged of all superfluities, and be put in legal form, and that the motion for new trial be dismissed because

of the imperfections therein. Defendant further prayed that the motion for new trial be dismissed on the ground that plaintiff did not make a bona fide attempt to brief the evidence in said case as required by law.

Movant filed a response to the motion to dismiss his motion for new trial, in which he set up that counsel for defendant would not agree to a brief of the evidence without the stenographic transcript thereof and unless it contained practically all that was contained in such report. To meet this objection of counsel for the defendant and to save the trial judge the trouble of considering for approval a brief of the evidence not agreed to by counsel, he then submitted to counsel for defendant a brief of the evidence substantially as set out in the record. The same was carefully gone over by counsel for the defendant, and some corrections were made therein at the instance of defendant's counsel. The brief of the evidence so submitted, considered, and corrected was agreed to by counsel for both parties in the form in which it appears in the record, and was duly approved by the trial judge. In view of these facts movant insisted that the motion of defendant to dismiss his motion for new trial should not be granted. On July 22, 1931, the judge overruled the motion of defendant to dismiss the plaintiff's motion for new trial; and to this judgment the defendant excepted on all the grounds contained in the motion to dismiss said motion for a new trial. There was no exception to the refusal of the judge to vacate the order approving the brief of the evidence appearing in the record.

On the same day the trial judge rendered judgment granting a new trial; and the defendant excepted.

■ The first exception which we have to consider is that to the judgment of the court refusing to dismiss the motion for new trial. The motion is based upon the ground that the evidence was not properly briefed by the movant. "The brief of evidence required in motions for new trial shall be a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial. In such brief there shall be included the substance of all material portions of all documentary evidence. . . In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form, or the stenographic report may be used

in whole or in part in making up the brief, with immaterial questions and answers and parts thereof stricken, so as in every case to shorten the brief, and include therein only the material evidence." Civil Code (1910), § 6093. This section is largely a statutory enactment of the prior law upon this subject. *Mehaffey* v. *Hambrick,* 83 *Ga.* 597 (10 S. E. 274); *Brown* v. *Moore,* 83 *Ga.* 605 (10 S. E. 277). The statute was enacted for the benefit of the courts upon whom the duty and burden of separating from the evidence immaterial and irrelevant matter should not be cast. *Bowe* v. *Gress Lumber Co.,* 86 *Ga.* 17 (12 S. E. 177). The trial judge can not dispense with the requirements of this law as to the proper preparation of the brief of the evidence. *Smith* v. *Ray,* 93 *Ga.* 253 (18 S. E. 525). No agreement or understanding of counsel can dispense with the requirements of the law as to the manner in which briefs of evidence shall be prepared. *Augusta So. R. Co.* v. *Williams, 99 Ga. 75* (3) (24 S. E. 852); *Pope* v. *Bennett,* 157 *Ga.* 357 (121 S. E. 333). The requirement of the code section as to the proper preparation of the brief of the evidence was wholly disregarded in this case. The document purporting to be a brief of the evidence consists in a large part of questions propounded to witnesses and answers thereto, many of which are immaterial, and could have been easily eliminated in briefing the evidence. This document contains motions to rule out evidence, objections to the introduction of evidence, motions to direct a verdict, rulings of the court in passing upon various motions submitted to the court, controversies between counsel for the parties, colloquies between counsel and the court, arguments of counsel upon objections to the admission of evidence and upon the various motions referred to, and various other irrelevant matter. This document was in no sense the brief of the evidence as required by the law.

Where, however, a paper purporting to be a brief of the evidence has been agreed to by counsel for both parties, and has been filed and approved by the trial judge, but it appears therefrom that no bona fide attempt has been made to comply with the provisions of the Code, the writ of error will not be dismissed if there be in such a case assignments of error which do not involve a consideration of the evidence for their determination, and such assignments of error will be decided. This court will in such cases not

pass upon any assignments of error in the determination of which reference must be had to the evidence. *Crumbley* v. *Brook*, 135 *Ga.* 723 (70 S. E. 655); *Whitaker* v. *State*, 138 *Ga.* 139 (75 S. E. 254). In the case at bar there were assignments of error which could be passed upon by the court without reference to the evidence. From this it follows that the judge did not err in refusing to dismiss the motion for new trial upon the ground that the brief of the evidence was not prepared in accordance with the requirements of the law upon this subject. Furthermore, it is not cause for dismissing a motion for new trial that the judge improperly approved as a brief of the evidence a paper purporting to be such, but not in fact made out as required by law. In such circumstances the proper practice in such a case is to except directly to the order of approval, or else move to vacate that order, and, if the motion is refused, to except directly to that refusal. *Mann* v. *Tallapoosa St. Ry. Co.*, 99 *Ga.* 117 (24 S. E. 871). Counsel for the defendant properly made a motion to revoke the order approving the brief of evidence; and when the trial judge refused to revoke his order of approval of the brief of evidence, such refusal constituted reversible error. *Settle* v. *Brewer*, 141 *Ga.* 131 (2) (80 S. E. 657). If the respondent had excepted in the present case to the refusal of the trial judge to revoke his former order approving the brief of evidence, such failure or refusal would require a judgment of reversal; but the respondent does not except to such refusal. For this reason we can not pass upon the failure or refusal of the judge to vacate his previous order approving the brief of the evidence. None of the other grounds of the defendant's motion to dismiss the plaintiff's motion for a new trial are well taken.

■ This was the grant of a first new trial. "The first grant of a new trial will not be disturbed by" this court, "unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code (1910), § 6204. This court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be upon all the grounds of the motion, or upon one or more of the specific grounds only, or whether it be upon a ground which involves a consideration of the evidence, or upon a ground which

involves merely questions of law, unless it is made to appear that no other legal verdict than the one rendered could possibly have been returned under the law and the facts of the case. Unless a case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial. *Southern Ry. Co.* v. *Higgins,* 102 *Ga.* 586 (27 S. E. 785); *Weinkle* v. *B. & W. Railroad Co.,* 107 *Ga.* 367 (33 S. E. 471); *Harvey* v. *Bowles,* 112 *Ga.* 363 (37 S. E. 363); *Cordray* v. *Savannah &c. Ry.,* 117 *Ga.* 464 (43 S. E. 755); *Van Giesen* v. *Queen Ins. Co.,* 132 *Ga.* 515 (64 S. E. 456); *Rowe Motor Express Co.* v. *Twiggs County,* 152 *Ga.* 548 (110 S. E. 303); *Carr* v. *Carr,* 157 *Ga.* 208 (121 S. E. 227). The burden of showing that the verdict was demanded by the evidence rested upon the defendant. Besides, this fact must be shown by the evidence introduced upon the trial of the case. If, as contended by the defendant, there was no brief of the evidence, then it does not appear that the verdict rendered in favor of the defendant was demanded by the evidence. If we look to the evidence embraced in the brief agreed to by counsel for both parties and approved by the court, it does not appear that the verdict in favor of the defendant was demanded by the evidence; and for this reason the trial judge did not err in granting a first new trial.

■ As we have seen, the document purporting to be a brief of the evidence in the case was agreed to by counsel for both parties as a correct brief of the evidence, after certain changes in this document as originally presented had been made and additional facts inserted therein at the instance of counsel for the defendant. The brief of the evidence was then approved by the trial judge as correct. Conceding that these facts would not render the document a correct brief of the evidence, what subsequently took place rendered the brief one which the trial judge could consider. The defendant moved to vacate the order approving the brief of evidence as correct, and prayed to have the same vacated. The judge refused to vacate this order; and as we have seen, the defendant did not except to that refusal. Thus there was the agreement of counsel for the defendant that the brief of evidence was correct, there was the original order of the trial judge approving it as correct; and upon another and direct attack to vacate the order approving the document as a correct

brief of the evidence and a prayer to have the same vacated, the trial judge refused to vacate the former order and entered a formal judgment denying the prayer of the defendant to vacate the same. In these circumstances and in view of this order of the judge refusing to vacate the former approval of the brief, we do not think it was error for the judge to consider the evidence embraced in such brief, in determining whether under the same a new trial should be granted. If the defendant had excepted to the judgment refusing to vacate the order approving the brief, another question would be presented for our consideration.

■ But it is urged that the trial judge granted a new trial upon an erroneous theory; and that for this reason the judgment should be reversed. This contention is not well taken. The judge did not grant a new trial upon the theory that the defendant had not purchased the Sunset Lands, and for that reason he was not liable on his notes given to the plaintiff and Evans for the purchase-price thereof. The ruling of the judge was based upon the fact that the land purchased by the defendant was to be used in connection with the operation of the Suburban Fruit Farm, and not independently, that the defendant was to share in the net proceeds of the operation of the two farms as one enterprise, and was not entitled to share in the profits arising from the operation of the Sunset Lands alone, and that the evidence failed to disclose that the defendant's share in the profits arising from the operation of the two tracts of land as one enterprise was sufficient to pay and overpay the notes given by him for the purchase-money of the Sunset Lands. The judge granted a new trial upon the ground that the evidence failed to satisfactorily show that the defendant's share of the profits arising from the joint operation of the two places was sufficient to pay his notes. But conceding that the judge granted a new trial upon the theory urged by counsel for the defendant, this would not render erroneous the grant of a first new trial. Even if the judge granted a new trial upon an unwarranted theory, this would not render the grant erroneous and require a reversal of his judgment, unless it further appeared that the verdict in favor of the defendant was absolutely required under the law and facts of the case. *Weinkle v. Railroad Co.,* supra. Under the law and the facts of this case it does not appear that a verdict in favor of the defendant upon

his plea of payment was demanded. So we are of the opinion that the trial judge did not err in granting a first new trial in this case.

*Judgment affirmed. All the Justices concur.*