27951. GEORGE A. HORMEL & CO. et al. v. RAMSEY.

DECIDED FEBRUARY 29, 1940. REHEARING DENIED MARCH 23, 1940.

Evins, Quillian & Evins, for plaintiffs in error.

McElreath, Scott, Duckworth & DuVall, contra.

GUERRY, J. Miss Ramsey brought an action against George A. Hormel & Company and others, because of injuries she had received in a collision between a car she was driving and a truck belonging to the defendant company. The first trial resulted in a mistrial, and on a second trial a verdict was returned in favor of the defendants. The plaintiff filed a motion for new trial, and in her amended motion showed that after the trial, but before a hearing of the motion, one of the witnesses for the defendants who had testified that he was present at the scene of the accident and saw what transpired was indicted by the grand jury for perjury in respect to his testimony so delivered on said trial, and had pleaded guilty and been sentenced therefor. After a hearing on the motion

for new trial the judge passed an order as follows: "New trial is granted on the ground that defendants' witness, Sentell, is shown to have plead guilty to the offense of perjury on the trial referred to herein." The plaintiffs in error, defendants in the court below, excepted to this first grant of a new trial. They insist that the provisions of Code, § 6-1608, "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge," do not apply to the instant case for the reason that the grant of a new trial in the case at bar rested solely on a question of law. Plaintiffs in error rely in the main for the support of their position on *Hiller* v. *Howell*, 74 *Ga.* 174 where it was said: "The terms of the order granting it . . show that such grant rested on a question of law as to the striking of a plea, and not upon the fact that the verdict was contrary to or unsupported by evidence."

We do not think the facts here shown warrant the position taken. Among other things the motion for new trial set up the fact of the conviction of a material witness for the defendants of the offense of perjury committed in giving his testimony to the jury which rendered the verdict complained of. In his order the judge stated that the new trial was granted for that reason. This was not such a ruling on a question of law as would prevent the operation of the section above quoted with respect to the first grant of a new trial. Code, § 110-706, provides that "Any judgment, verdict, rule, or order of court, which may have been obtained or entered up, shall be set aside and be of no effect, if it shall appear that the same was entered up in consequence of corrupt and wilful perjury;" and the same section places certain restrictions as to the mandatory duty resting upon a trial court, and provides that before this shall be done "the person charged with such perjury shall have been thereof duly convicted," and that it "shall appear to the said court that the said verdict, rule, or order *could not have been obtained and entered up without the evidence of such perjured person.*" (Italics ours.) It will be seen that where the result of a case is dependent entirely on the testimony of such perjured witness it *shall* be the duty of the court to grant a new trial. If not dependent on such testimony alone, the judge may still exercise the

discretion vested in him and grant a new trial although it is not mandatory that he do so.

The evidence introduced in this case was extremely contradictory, and would have supported a verdict for either party. The verdict returned was not dependent alone on the alleged perjured witness, Sentell, but would have been supported by other evidence introduced by the defendants. The fact that the witness was shown to have perjured himself in the trial of the case did not, under the facts, require the judge, as a matter of law, to order a new trial; but this fact did not take away from him his discretion as to the first grant of a new trial. There was no abuse of the discretion vested in him, and the first grant of a new trial will not be disturbed. In *Hiller* v. *Howell,* supra, the court said: "It is evident that the judge would not have granted the new trial had he not been of opinion that he erred in sustaining the demurrer to this plea." One of the grounds of the motion assigned error on the striking of this plea. Under present practice the sustaining or overruling of a demurrer is not a proper ground of a motion for new trial. In *Murray* v. *Davidson,* 174 *Ga.* 213, 219 (162 S. E. 526), the Supreme Court again stated the rule governing matters of this kind: "This court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be upon all the grounds of the motion, or upon one or more of the specific grounds only, or whether it be upon a ground which involves a consideration of the evidence, or upon a ground which involves merely questions of law, unless it is made to appear that no other legal verdict than the one rendered could possibly have been returned under the law and the facts of the case. Unless a case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." No such exception appears from the record here. The court did not err in granting a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*