**McNORRILL v. GIBBS.**

No. C/A 661.

District Court, E. D. South Carolina,
Aiken Division.

June 1, 1942.

364

Roy V. Harris and Henry T. Chance, Jr., both of Augusta, Ga., and Dorcey K. Lybrand, of Aiken, S. C., for plaintiff.

Lee, Congdon & Fulcher, of Augusta, Ga., and Edgar A. Brown, of Barnwell, S. C., for defendant.

TIMMERMAN, District Judge.

The plaintiff brought this action under the Fair Labor Standards Act of Congress, June 25, 1938, c. 676, sec. 16, 52 Stat. 1069, 29 U.S.C.A. § 216, to recover for himself and another double the amount of certain alleged unpaid wages due them respectively and for reasonable attorney's fees. The summons and complaint were served January 5, 1942.

The cause is now before me on two motions, one on behalf of plaintiff and the other on behalf of the defendant. Arguments were heard on both motions May 19, 1942.

The plaintiff's motion is to strike paragraph 21 of the answer, which alleges in substance that the defendant had paid the plaintiff, and the other for whom this action is brought, wages "in accordance with agreements between them and this defendant", that said employees at no time during their employment by plaintiff contended "that defendant was subject to the provisions of the Fair Labor Standards Act, or that they were to receive wages in accordance with said Act", and that they raised no question concerning their wages "until after they had been discharged by this defendant."

■■ The Congress has declared a public policy respecting the hours of employ-ment and rates of pay of employees engaged in interstate commerce. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. And persons may not by contract defeat the manifest purpose of the Act, which is in part to keep out of the channels of interstate commerce goods produced under substandard labor conditions. United States v. Darby, supra.

■ The allegations of the answer, about which complaint is made, are immaterial and irrelevant and should be stricken from the answer. They state no defense to the cause of action alleged. Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 626.

It is so ordered.

The motion of the defendant was reserved when its answer was filed. It may be divided into two main parts. The first part of it is to dismiss the entire complaint for two reasons, to-wit, (a) for "a misjoinder of parties plaintiff," in that the plaintiff and the other for whom this action is brought "do not jointly, severally or in the alternative assert any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions, or within the meaning of rule of civil procedure Number 20", and (b) for "a misjoinder of causes of action because two separate and distinct causes of action in favor of different parties and arising out of different contracts and relationship are joined in said complaint when there is no privity of interest between the parties asserting said causes of action."

The second phase of the defendant's motion is to strike from the complaint all references to an alleged cause of action in behalf of one G. A. Phillips, an employee of the defendant. The grounds upon which this part of the motion is based are substantially as follows:

(a) It does not appear that the said Phillips is a party plaintiff.

(b) It does not appear that Phillips authorized the bringing of the action in his behalf.

(c) It does not appear that Phillips properly authorized the bringing of the action in his behalf.

(d) It does not appear that Phillips is under any disability which would authorize the bringing of an action in his behalf by the plaintiff.

(e) It does not appear that Phillips has assigned his claim against the defendant to the plaintiff.

The authority for bringing this action is to be found in sec. 16, of the Fair Labor Standards Act, 29 U.S.C.A. § 216, which reads in part as follows: "(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

■ This Act makes an exception to the general doctrine that an action should be maintained in the name of the real party in interest. Furthermore, it creates an exception to the general rule that two or more separate or distinct causes of action may not be joined for trial in the same case.

It is not now necessary to determine whether one employee or a group of employees, bringing an action of this character for the benefit of himself, or for themselves, could bring and prosecute an action in behalf of all other employees similarly situated, without the express authorization of such others, since it appears of record in this cause that Phillips, the other party for whose benefit this action is brought, expressly authorized the plaintiff McNorrill in writing to bring and maintain this action in his behalf. Undoubtedly the bringing and the trial of the two claims in one cause of action will conserve the time of the court and save expense to the litigants. The questions of law will be the same for both and the likelihood is that the evidence, or an appreciable portion thereof, will be substantially the same on both claims.

■ If we accept the allegations of the complaint as true, as we must for the purposes of this motion, there can be no serious question about the two employees being similarly situated. They both worked for the same employer during substantially the same period of time, and as stated in the complaint they "performed similar duties and were paid wages at the same time."

■ Rule 20 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c,

is not violated. The complaint here sets up the two claims in severalty. The two claims arise out of the same course of business dealings and out of the same series of transactions. Both claimants were employed by the same employer in the handling of the same or like goods for interstate commerce.

■ Rule 21 of the Rules of Civil Procedure specifically provides that "misjoinder of parties is not ground for dismissal of an action." Even if there were a misjoinder of parties—which is not conceded in view of the Fair Labor Standards Act—the defendant would not be entitled to have the complaint dismissed. The defendant likely had this in mind when the additional motion was made to dismiss so much of the complaint as relates to the alleged cause of action in behalf of Phillips.

The contention of the defendant that the plaintiff McNorrill was not authorized, or was not properly authorized, to bring the action in behalf of Phillips, is answered by the amendment to the original complaint which alleges that the plaintiff was authorized and directed in writing by Phillips to institute this action in his (Phillips') behalf. This amended allegation is supported by a certificate signed by the said Phillips in the presence of a witness on the 11th day of March, 1942. Although the date of this certificate is subsequent to the filing of the complaint, it contains a statement "that at the time said complaint was instituted I had authorized and directed the said C. D. McNorrill to institute said suit in my behalf and nominated him as my agent and representative to bring said suit and to do any and all things necessary to a successful prosecution of said action." See Bowe v. Gress Lumber Co., 86 Ga. 17, 12 S.E. 177.

■ The Fair Labor Standards Act specifically provides that any "such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." It clearly appears that Phillips has availed himself of this provision of the Act and that he has, as he had a right to do, designated the plaintiff McNorrill as his agent or representative to maintain this action in his behalf.

■ The contention that there is no showing made that Phillips is laboring under a disability implies that the defendant is of the opinion that no employee can empower another to maintain an action in his

behalf against his employer to recover for unpaid wages and an additional equal amount as liquidated damages for the non-payment thereof unless the employee making the authorization is laboring under some disability. The Act is not susceptible to any such construction. There is nothing in the language used, or in the context, to indicate that the Congress intended that the Act should be so construed.

On the other hand, the Act gives an employee the right to maintain an action, where he has one, in his own name or to have it prosecuted in his behalf by another as his agent or representative.

There is nothing in the Act requiring the assignment of an employee's claim to another, before such other can maintain an action on the same, as contended by the defendant. If the Act authorized the assigning of the claim, the assignee thereof would become the real party in interest and the action manifestly could not then be brought or maintained for the benefit of the assignor. This contention like the others is without a sound basis.

The motion to dismiss the complaint is denied, as is also the motion to strike so much of the complaint as relates to the cause of action stated for a recovery against the defendant in behalf of the said Phillips.

And it is so ordered.