OPINION of the Court, by
Judge Owsuky.
Tills action was brought by Kay in the court below to reco-vep dama£es for a breach of covenant entered into by Trabue. The deed of covenant upon which the.action is founded, is not made part of the record ; but the de-c|ilratioir charges Trabue of having covenanted, on the htli of February 1813, to pay Kay gl"5, in makingand laying bricks at 1,6s. 6d. per thousand, in building a house and chimnies, in a Workmanlike manner, the work t® commence irc.the next May after the date of the co-venant, and to he completed against the first of Septena-bel- thereafter; mid that Kay on his part was to find board and tenders; arid alleges for breach the failure of Trabue to‘perform the work, &c.
Trabue appeared to the action, and pleaded four se-vera^ By the first he alleges that oh the -- day of May next after the date of the covenant, he ten-déredtó the plaintiff, and offered to commence and perform the making and laying of the bricks in the covenant mentioned, but the plaintiff was not ready to furnish* *227 and did not furnish board and tenders to enable him to do the work, &c.
A flea m covenant, aU Jeging a parol agreement upon which the mutual covenants werefoun0 ded, and aver» ing that plaintiff had not performed hia part of the a-gréement, is not admii&Me.
By the second plea he alleges substantially what is contained in the first, with a difference as to the time when the tender was made, and that is alleged to have been made within the time stipulated in the covenant.
By the third he alleges a failure in Kay to give him (Trabue) notice where he would have the work performed, &c.
And by the fourth plea he alleges that by the contract between plaintiff and defendant upon which the covenant was founded, Kay was to furnish and dig the dirt for making the brick; and avers he never did furnish or dig the dirt, &c.
To these several pleas Kay demurred, and the demurrer being joined judgment was entered in his favor, and a writ of inquiry awarded; and damages having been assessed, judgment was rendered thereon against Tra-hue.
The first and second pleas, as they contain substantially the same defence, for the sake of convenience we shall consider together.- They cannot be maintained, unless according to the legal operation of the deed of covenant Trabue might have performed the work at any place whatever: then as the place of performance could neither be material nor traversable, a plea (such as those ⅛ question) by alleging a tender to the person of the ob-ligee, would be substantially good to every essential 'purpose. But if by the import of the covenant the work could not have been so performed, the pleas should have contained such other averments as would shew the tender to have been made conformable to what Trabue was bound to perform. Thus, for example, if by the covenant Trabue should have performed the work either at his own residence, or any other place, the plea, to-be good, ought to have alleged the tender to have been made at such place, according as the covenant imports.
Whether, therefore, the pleas are or are not sufficient, turns exclusively upon the construction of the covenant as to the plaee of performance. ■ \
That the work should not have been performed at the Tesidence of Trabue, there can be no doubt; for as the work when done would necessarily become attached to and form part of the freehold,: from the very nature of things it would be impossible for Trabue to build upon *228 his own land, ánd unconnected therewith, a house and chimnies for Kay $ and it would be preposterous to suppose the parties intended the house to be built for Kay, Should be placed upon the land of Trabue.
Whether, however, the work should have been done at the residence of Kay,- or at such place as he might think proper to elect for that purpose, is a question about which we have hád considerable difficulty. The English books, as far as we have had an opportunity of examining them, furnish no precedent calculated to throw much light upon the question; and at whichever place the work may be required to be performed, in practice there will no doubt arise cases of particular hardship.
We, however, suppose that not only less mischief will result, but that it will accord better with the intention of the parties, and be more consistent with principle, to require in covenants such as that upon which this action is brought, a performance at such place as the covenan-tee may think proper tó appoint.
The failure to name á place in the covenant, from ⅞¾ ñature of the thing to bé performed, seems necessarily to imply a right in the person for Whom the work is to Be done to fix the place: for it cannot be supposed the parties intended, nor should the covenant be so construed, that the work should be doné at a place where the Covenantee could obtain no benefit from it: and as when doné it necessarily becomes part of the freehold, to be of use to him, it should be performed either upon his own ground, or such other as he might think proper to select: ánd in either ease the ground should be furnished by Sim ; and in doing so, of necessity he would have to exercise, in some measure, an election in designating the place.
But within what limits this right of election should be exercised, is a subject of more doubt. It cannot be confined to any particular tract of land: tor if it "was, none other could be inferred but that whereon the covenantee might reside; and then, as that might belong to another, the covenant would thereby become inoperative ánd of WO effect. By permitting the coven antee to exercise an absolute discretion in this respect, he might, it ⅛ true, réquiré a performance of the covenant, if so disposed, ad such a place ás might be productive of much hardship. This* mischief may* however, be easily avoided, *229 liy the parties reducing tfieir contracts to greater tot-tainty áíid precisibh ; but whert that is not done* wé ⅛⅞ aware of fío principié by which the discretion of the co-venantee in fixing on the place, cah be circumscribed within narrower bounds than the limits of the State.
As, therefore, neither thé first nor second pleas have alleged the tender to have been made at the place appointed by Kay for the work to be done, the cour t below properly adjudged them insufficient.
The third plea wé aré also of Opinion cannot be sustained. It is true according to the construction we have given to the covenant, Trabué could not be required to perform the vrork, unless Kay furnished the pláoe; hot as he bound hiniself to commence the work against a named day, to excuse hi'mse'f for the failure to do so, it was riot sufficient barelytp allege the failure of Kay té ilotiiy him where the work should be done, but he should also by proper averments have shown a readiness oh his part to perform the work, and that after informing Kay thereof and requesting hita to name á placó* lié failed to do so.
The fourth plea is also dearly insufficient. If cannot be material what the contract was upon which the; covenant was foüñded: for when thé agreement was reduced to the solemnity of á co venant, no allegation of what the agreement was upon which the covenant was made, can furnish a legitimate defence at íáw td ah action upon the covenant.
Judgment affirmed with costs and damages.