Mr. Justice Walker delivered the opinion of the Court. The defendant covenanted to pay two hundred cords of ash wood or its equivalent on a given day. As no place of payment is mentioned in the contract, the law fixed that at the residence of the party by whom the payment was to be made. The contract was unconditional, and when time and place were thus fixed, the question is, did it at once devolve upon the party promising to pay, to do so or excuse himself by showing a readiness and offer on his part at the time and place thus ascertained, or was it necessary for the plaintiff, in order to maintain his action, to demand of the defendant the property, and in addition to his statement of the contract, and alleging its breach, should he be required also to aver and prove-aidemand and refusal to pay the property? It is sufficient in pleading, for the plaintiff to show a legal obligation on the defendant; and to aver that he has failed to perform it. And we think, in thfi^spstancc, that he has done so. The obligation on the defend antlto pay was complete and unconditional. To demand of him-.to pay the cord wood was but to require of him to do what the law enjoined and what his contract required of him. His legal liability having been fixed by law, ho was required to perform-or tender and offer to perform. This is matter of defence to be interposed by the defendant. Hoys & Pattees v. Tultle, 3 Eng. 129. Id. 146. 4 Bibb 226. Id. 97. 5 Yerger 410. The circuit court therefore did not err in overruling the demurrer to the plaintiff’s declaration. Let the judgment be affirmed.