### 760.　SMITH *v.* HEMBREE.

1. No error of law being assigned, and there being sufficient evidence in behalf of the prevailing party to authorize the verdict, the refusal of a new trial was not erroneous.

2. In order for such mutuality of account to exist as will arrest the bar of the statute of limitations, each party to the account must extend

credit to the other on the faith of an admitted indebtedness on his part which affords the basis of credit to the other party. To bring an account, otherwise barred, within the exception recognized in cases of mutual accounts, it is not enough to show that there are two accounts. It is essential that the proof show that the indebtedness of each party, from which the account arose, was the result of a course of dealing in which credit was extended on the faith of indebtedness to him.

Appeal, from Milton superior court—Judge Fite. September 9, 1907.

Argued December 16, 1907.—Decided January 29, 1908.

*J. P. Brooke,* for plaintiff.

*B. F. Simpson, G. B. Walker,* for defendant.

RUSSELL, J. Smith proceeded by attachment to endeavor to collect from Hembree an unpaid balance of the purchase-price of two horses sold to Hembree in 1901 for $120. One of the horses having been previously sold by Hembree, the attachment was levied on the other, a mare, something over sixteen years old, on February 8, 1907. These are about the only facts as to which the parties agree, except that the plaintiff, while claiming that the defendant still owes him, admits that the defendant is entitled to all the credits represented by receipts in his possession, and more besides. As to all other matters of fact the parties are at issue. The defendant denied indebtedness, averring that he had fully paid for both horses, and also pleaded the bar of the statute of limitations. The jury rendered a general verdict for the defendant. A motion for a new trial was overruled, and the judgment refusing a new trial is assigned as error.

1. No error of law is assigned, and as the evidence in behalf of the defendant authorized the jury to find in his favor, we are neither able nor willing to reverse the judgment of the lower court. The testimony of the plaintiff was well supported as to the correctness of his account, and as to the defendant's plea of payment, by quite a number of witnesses, while the testimony of the defendant in conflict therewith was unsupported. But the preponderance of the evidence does not necessarily lie with the greater number of the witnesses. See also *Hastings* v. *Christopher,* 1 *Ga. App.* 673 (4), (58 S. E. 216).

2. Moreover, we think the jury could well have based their finding on the defendant's plea of the statute of limitations. It was uncontradicted that Smith sold the horses to Hembree in

1901, nearly six years before the attachment was levied. The plaintiff testified that the purchase-price was not to become due as long as Hembree continued to live on his farm. Had the jury believed this, they would have found against the plea of the statute of limitations, for the testimony shows that four years had not elapsed since Hembree moved away. But the defendant testified just as positively that nothing whatever was said or agreed to as to when the purchase-price was to become due; and if the jury believed this, the plaintiff's debt, being due immediately upon delivery of the horses in 1901, was barred on February 8, 1907.

The learned counsel for the plaintiff in error contends that the account is not barred, because there were such mutual dealings between the parties as would prevent the bar of the statute. We fail to find any evidence of mutual dealings in the sense in which the term has been construed in this State. The "dealings" of the parties in the present case can not be said to be mutual, so as to arrest the operation of the statute; because mere payments by a debtor on an account, whether in work or money, do not create mutuality. A mutual account is one based on a course of dealing, wherein each party has given credit to the other on the faith of indebtedness to him. *Gunn* v. *Gunn, 74 Ga. 555* (58 Am. R. 447). There must be a mutual credit, founded on a subsisting debt, and an agreement, either express or implied, for a set-off of a mutual debt. According to the evidence, Hembree had no account against Smith,—he did no work for him on credit, he loaned him no money; both parties treated money paid by him, and the work done, as mere payments, entitling him to only a reduction of the debt, but no evidence suggests that Smith relied on Hembree's debt to him as a basis for a credit with Hembree, whereby Hembree let him have money or labor, or that Hembree relied on any debt due by Smith to him, in obtaining any credit from Smith. As a matter of fact, Smith did not testify that he was ever at any time indebted to Hembree, or that he ever supposed he was. Unless he extended credit to Hembree in the belief that he likewise owed Hembree something, the account would not be mutual. The fact that there is indebtedness on both sides is not enough to create a mutuality which will relieve the bar of the statute of limitations. It must also appear that the circumstances were such that each party relied on the indebtedness of

the other to himself as a basis of credit, whereby neither account became due until the mutual dealings cease.

*Judgment affirmed.*