### 1004. LOWE COMPANY *v.* TEASLEY & COMPANY.

1. The discretion of a trial judge upon the first grant of a new trial will not be interfered with, where it is manifest that the new trial was granted because the trial judge may not have been satisfied with the verdict rendered upon the evidence submitted.
2. The discretion of the trial court as to mere matters of fact, where the evidence in the case would fully authorize a finding for either party, is limited to the first grant of a new trial.
3. Where a trial judge, in his order, places the grant of the new trial solely upon a specified ground, alleging error of law, the merits of that particular ground will be inquired into, regardless of whether the new trial is a first new trial or not.
4. The first grant of a new trial will never be interfered with, where it plainly appears that the trial court, in granting the new trial, corrected a manifest error of law prejudicial to the rights of one of the parties to a cause.

Complaint, from city court of Hartwell—Judge Hodges. January 10, 1908.

Submitted March 13,—Decided March 30, 1908.

*A. G. & Julian McCurry,* for plaintiff.

*A. A. McCurry,* for defendants.

RUSSELL, J. The E. E. Lowe Company brought a suit against T. W. Teasley & Company, in the city court of Hartwell. Upon

the trial the jury rendered a verdict against the defendants, for $262.69 principal, and interest. The defendants moved for a new trial, and the court granted it. The plaintiff excepts to the judgment granting a new trial. As this is the first grant of a new trial, the plaintiff concedes that it would not be warranted in excepting, unless the verdict rendered in its favor was demanded. It insists, however, that as the new trial was granted solely upon one ground, and inasmuch as the court should not, as a matter of law, have granted the new trial upon this ground, there should be a reversal of the judgment.

1.   We do not think that the court erred in granting a new trial. This court is not prepared to affirm the judgment of a trial court in granting a new trial, merely because it is the first grant.   In such a case the most that can be said is that the judgment will not be as closely scanned and reviewed to detect errors as it would be if more than one jury had passed upon the issues.   We apprehend the true rule to be that where the question is one purely of evidence, the trial judge is clothed with a discretion which should not in any degree be controlled by this court, if a first new trial is granted because he is not satisfied, upon a review of the evidence, that justice has been reached in the judgment which he annuls.   In such a case it is to be presumed that the judge is satisfied that there has been a miscarriage of justice upon *the intrinsic merits* of the case, and it is, in that event, immaterial whether the end reached has been caused or contributed to by errors in the charge of the court or not.   In such an instance, the discretion of the trial judge, unless manifestly abused, should not be controlled.   There is another class of cases, in which it is apparent, as in this instance, that the judge has not exercised his discretion peculiarly as to the evidence, but has adjudged the verdict to be vitiated by an error of law.   In such a case, in the judgment of this court, it becomes immaterial whether the new trial granted is the first grant, or whether there have been several trials, if it appears that the error was one of law and was prejudicial to the rights of the complaining party.

2.   Where the evidence submitted in a case, so far as appears to the reviewing court, would authorize a finding for either party, and no error of law is complained of, the discretion of the trial judge should perhaps be limited to the first trial.   Proper regard for the rights of the jury would seem to require that a second find-

ing upon the same issues and upon substantially the same state of facts, not induced by any contributing error, should be an end of litigation.

3. Where the trial judge, in his order, places the grant of a new trial solely 'upon a specific ground alleging error of law, the merits of that particular ground will be inquired into, regardless of whether the new trial granted is a first new trial or not.

4. In the present case we think that the judgment of the trial judge was right in any view of the case, because a new trial was necessary, to correct an error in the trial, due to the court's own ruling, and which it was proper that the court itself should correct. The case was a suit upon a note, and a copy of the note was attached to the petition. The note was as follows: "$462.69. Atlanta, Ga., April 9th, 1906. On October 15th after date, for value received, we promise to pay to the order of E. E. Lowe & Company four hundred, sixty-two & 69/100 dollars, at the office of the Lowry National Bank of Atlanta, with interest from maturity at eight per cent. per annum until paid, with all costs of collection. Each of us, whether principal, security, guarantor, indorser, or other party hereto, hereby severally waives and renounces, each, for himself and family, any and all homestead and exemption rights either of us, or the family of either of us, may have under or by virtue of the constitution or laws of Georgia, any other State, or the United States, as against this debt or any renewal thereof; and each further waives demand, protest, and notice of demand, protest, and non-payment. Given under the hand and seal of each party. T. W. Teasley & Co." This was the suit the defendants were called upon to answer; their rights in court were dependent upon the nature of their answer, and they should have been properly informed of what they should prepare to meet. It was further the right of the defendants to have the evidence in behalf of the plaintiff limited by and confined to the allegations of the petition. No amendment to the petition was offered, and the court in which the suit was pending was without jurisdiction to reform the note upon which the action was based.

The defendants, in their plea, admitted the execution of the note as sued upon, and that the plaintiff was the legal holder thereof. They relied, for their sole defense, upon the plea of failure of consideration, in that the corn for the payment of which the

note was given was damaged and defective, and not suited for the purposes for which it was intended, to wit, for feeding stock and making bread. To meet this plea of failure of consideration, the plaintiff was allowed to offer testimony to the effect that the note was purchased by it from G. W. Brooke, before maturity, and to thus assume before the jury the role of innocent purchaser of the paper for value before maturity and without notice. The defendants properly objected, at the time, to the admission of this testimony, and their objection should have been sustained. It was again presented to the court in the motion for new trial, and the judge, as he should have done, corrected the error of the previous ruling, by granting a new trial. While the order granting a new trial places the grant specifically upon the 4th ground, in which complaint was made of the admission of the evidence before referred to, still it also appears from the record that the 5th and 6th grounds of the amended motion relate to the same subject. In these grounds exception is taken to the charge of the court, in which the jury were told that if they believed, from the evidence, that the plaintiff bought the note before maturity, without notice of any defense, it would be an innocent purchaser, and the jury should find for the plaintiff the full amount of principal and interest. Neither the evidence nor the instructions complained of in the 5th and 6th grounds were authorized by the plaintiff's pleadings. The grant of the new trial was placed by the judge upon the 4th ground, without reference to the 5th and 6th grounds, not because the 5th and 6th grounds were not well taken, but clearly because the court properly considered the admission of the evidence as the root of the whole evil, to which the erroneous instructions were only the natural sequence. Indeed, this was the proper view to take of the matter; for if the evidence had been repelled upon the defendants' objection, the erroneous instructions to the jury would never have been delivered. In a suit upon a note payable to the plaintiff, evidence that the plaintiff was a bona fide purchaser was objectionable not only upon the ground that there was nothing in the pleadings to show that Brooke or any one else ever owned the note, but also upon the ground that such parol evidence contradicted the terms of the written contract upon which the plaintiff's whole case depended. The note being payable to the order of the plaintiff, parol evidence could not be admitted to show

that it was made payable to some other person, and certainly not in the absence of any allegation of fraud, accident, or mistake.

*Judgment affirmed.*