929, 959. HOBBS *v.* CRAWFORD & MAXWELL, and *vice versa.*

1. In the absence of direction by the debtor as to the application of payments made by him, a creditor may apply payments, made upon a running account covering the transactions of several years, to the oldest items, so as to avoid the bar of the statute of limitations. This right of the creditor is not defeated or necessarily affected merely by reason of the fact that the balance due at the end of each year is brought forward, as such, as the first item of the succeeding year's account; provided the aggregate amount of the items of account actually purchased within the statutory period of four years is greater than the remainder or unpaid balance claimed to be due.

2. A debtor may, by special demurrer, demand a complete statement of each item of an indebtedness upon which suit has been brought; failure to demur is a waiver of the right.

Complaint, from city court of Lexington—Judge Davis. December 12, 1907.

Argued February 17,—Decided July 31, 1908.

*Joseph G. Faust, James Davison,* for Hobbs.

*Howard & Shull, Tye, Peeples, Bryan & Jordan,* contra.

RUSSELL, J. The controlling question in this case is whether a creditor, in the absence of any direction by the debtor, has the right to apply payments, made by him, to the various items of an account running through several years, so as to avoid the bar of the statute of limitations. This question is answered by the Civil Code, §3722. The record discloses that Hobbs had, for several years, been a customer of Crawford & Maxwell, purchasing supplies from them during the years 1902, 1903, 1904, 1905 and 1906. The first item of the account sued upon and attached to the petition was "balance brought from 1904 book, $177.34." This balance, apparently, was the amount due at the end of 1904, and was entered upon the books of 1905, on February 23, 1905, together with a charge of interest on the same, $14.18. An examination of the plaintiffs' ledger for 1904 showed that the first item for that year was a balance brought forward, January 6, 1904, from the year 1903, of $129.14; and it appears, from the testimony, that the first item of the 1903 account, dated January 6, 1903, was "to balance from old book 1902, $165.73." The evidence in behalf of the plaintiffs sustained their contention as to the correctness of the various items of indebtedness, but the defendant insisted, and now insists, as plaintiff in error, that the account for 1902, and the debt for items bought in that year, are barred by the statute of limitations. The defendant perhaps might have developed this fact by a timely special demurrer, but it does not appear from the pleadings or from the evidence in behalf of the plaintiff.

The contention of the defendant was, that he overpaid the account for 1905, and that the first item of the account was really merely a statement of the unpaid balance of the account of 1902; and that as suit was not filed until April 16, 1907, the bar of the statute attached to the account for 1902, which would have been due January 1, 1903. If the counsel for the defendant had moved, by special demurrer, to strike the first item of the plaintiffs' ac-

count, upon the ground that he was entitled to know of what "the balance" consisted, the court might have been justified in sustaining his contention as to that item; because the defendant had the right to know the exact article or charges of which the alleged balance consisted. The defendant, however, did not demur, but, on the contrary, moved to rule out all of the testimony of the plaintiff Crawford as to the amount due the plaintiffs. Some of this testimony was legal and competent, and, as the court could not rule out all of it without ruling out that which was legal, as well as that which might be illegal, the court properly refused the motion, and the defendant lost the benefit ·of the point. Considered in its last analysis, and tested by the testimony adduced in behalf of the plaintiffs, their method of keeping books was simply evidence of the fact that, in the absence of any direction on the part of the defendant, they applied payments made by him each year to the oldest items of their account against him. In the· absence of direction by the debtor the creditor has the right to apply payments made to him, where there are several items or several accounts, to such one or more of them as he may elect. The debtor first has the right of election as to the application of the payments made by him. If he does not choose to exercise this right, it falls to the creditor; and it appears that in this case the evidence authorized the finding that the creditors did so apply all payments made by their debtor, the defendant.

We agree with counsel for the plaintiffs in error that it is not a question of mutual accounts. There can be no mutual accounts, as we have heretofore held in *Smith* v. *Hembree, 3 Ga. App.* 510 (60 S. E. 126), unless each party has extended credit to the other and each party has been indebted to the other for some service or article of value. In this case Crawford & Maxwell had never at any time gotten anything from Hobbs· on the faith of their credit or financial standing. They only received payment from Hobbs for what he was due to them.

*Judgment affirmed, on the main bill of exceptions; cross-bill dismissed.*