## CARR v. CARR.

ATKINSON, J. 1. "This being the first grant of a new trial, and the verdict not having been demanded absolutely by the evidence, this court, without undertaking to make any adjudication with respect to the reason assigned by the trial judge as the basis of his action, will affirm the judgment. Civil Code, § 5585; *Cox* v. *Grady*, 132 *Ga.* 368 (64 S. E. 262); *McCain* v. *College Park*, 112 *Ga.* 701 (37 S. E. 971); *Brantley Co.* v. *Bank of Waycross*, Id. 532 (37 S. E. 737); *Harvey* v. *Bowles*, Id. 363 (37 S. E. 363); *Weinkle* v. *Brunswick R. Co.*, 107 *Ga.* 367 (33 S. E. 471); *Macon Street R. Co.* v. *Jones*, 116 *Ga.* 351 (42 S. E. 468); *Allen* v. *Lumpkin*, Id. 777 (43 S. E. 54). . . This rule applies although the judge who presided at the trial may have ceased to hold office before the hearing of the motion for new trial, and it was passed on by his successor." *Van Giesen* v. *Queen Insurance Co.*, 132 *Ga.* 515 (64 S. E. 456); *Purser* v. *Thompson*, 135 *Ga.* 732 (70 S. E. 569); *Ballenger* v. *Ballenger*, 147 *Ga.* 351 (94 S. E. 237); *Cowart* v. *Strickland*, 149 *Ga.* 397 (6) (100 S. E. 447, 7 A. L. R. 1110); *Rowe Motor Express Co.* v. *Twiggs County*, 152 *Ga.* 548 (110 S. E. 303).

2. The request to review and overrule the foregoing decisions, and other decisions following them, on the ground that they are not in accordance with the proper construction of § 5585 of the Civil Code (1910), is denied. *Judgment affirmed. All the Justices concur.*

No. 3633. JANUARY 16, 1924.

Equitable petition. Before Judge Custer. Grady superior court. December 13, 1922.

William A. Carr instituted an action against Mattie E. Carr, to cancel certain deeds to an interest in realty, and to enjoin the defendant from interfering with the plaintiff's possession of the land. The petition as amended alleged in substance that the plaintiff, as sole heir, inherited the land from his deceased wife, Mary C. Carr, and was constrained, by specified acts of duress upon the part of defendant and her sons, to execute the deeds. The defendant's answer as amended denied all of the acts of duress, and, as reasons why the deeds were executed, alleged that the defendant was a near relative of the plaintiff's wife, and had attended her and rendered services to her during a long illness, which were of value exceeding the value of the remainder interests in the property after termination of an estate therein for the life of the husband; that the deceased wife recognized her moral obligation to remunerate the defendant, and stated that as compensation for said nursing she intended this defendant to have said property after the death of the said Mary C. Carr and her husband, and that

she, said Mary C. Carr, would make proper papers to carry out the said intention, and had a proper deed to carry out the same and executed such a deed and delivered the same to plaintiff as a final delivery to effectuate said purpose, but that said deed so delivered has been lost or destroyed by the plaintiff, and that said property so intended and promised to be conveyed, and so conveyed to this defendant, to wit, the remainder interests in said lands, was at said time of less value than the services which had been rendered by the defendant, and that the plaintiff knew of the foregoing facts at the time he executed the deeds mentioned in his petition, and that said facts stated the consideration which moved the plaintiff to execute said deeds, and said deeds were executed by the plaintiff as the heir at law of Mary C. Carr in accordance with the moral and legal obligation resting upon the plaintiff on account of said facts and for no other reason. On the basis of the foregoing facts it is alleged in the defendant's answer that defendant is entitled to have established by. this court: (a) "The said deed from the said Mary C. Carr, conveying to this defendant the remainder interest in said lands, subject to a life-estate therein of the said Mary C. Carr and her husband, the plaintiff." (b) "To have a decree against the plaintiff, as the sole heir of Mary C. Carr, for the specific performance of said promise and contract on the part of said Mary C. Carr to convey to this defendant said lands, subject to a life-estate therein of said Mary C. Carr and her said husband, the plaintiff, even though said deed from Mary C. Carr making said conveyance should not be shown to have existed." (c) "To have a decree of this court declaring the title to said lands, subject to a life-estate therein of the said Mary C. Carr and her said husband, the plaintiff, each of all the foregoing, regardless of whether the deeds, or either of them, sought to be cancelled in this case should be cancelled."

On the issue as to duress the evidence was conflicting. The jury returned a verdict for the defendant. The plaintiff made a motion for a new trial. The trial judge having retired, his successor in office heard the motion and granted it; which was the first grant of a new trial in the case. In the judge's order it was stated: "The court holds that there was no lawful evidence before the jury as to the execution of a deed from Mary C. Carr to Mrs. Mattie E. Carr, reserving a life-estate to her and her husband,

W. A. Carr, and that the charge of the court upon which movant assigns error, complaining of the submission of this issue to the jury, was manifestly harmful; and while the court would be inclined to avoid the expense of another trial, the court is driven to the conviction that the errors assigned would inevitably work a reversal in the Supreme Court." The exception is to the judgment granting a new trial.

*S. P. Cain* and *Pope & Bennet,* for plaintiff in error.

*Ira Carlisle, M. L. Ledford,* and *Titus & Dekle,* contra.