*C. N. Anderson, Boyd C. Moss,* for plaintiff.

---

15719.   ROOKS *v.* STANALAND.

BELL, J.   1. Where two persons entered into a contract with a third, who was the owner of certain realty, by the terms of which the first two were authorized to sell the property at any price in excess of a named sum, and were to receive one half of the difference between the price at which the property was listed and the price at which they might succeed in selling it, and where, after they had sold the property in pursuance of the agreement, the owner executed a deed to other realty *to one of them* in satisfaction of the claim of both for commissions, such attempted accord and satisfaction was not binding upon the other, unless he authorized or ratified it.

2. Assuming that the debt for commissions was owing to the salesmen as partners, and assuming further that one of them, merely as a member of the partnership, would have been authorized to accept a conveyance of real property to the partners in satisfaction of the debt (see Civil Code of 1910, § 4311), such a satisfaction would not result as to the other partner where, in the transaction between the party owing the commissions and the partner undertaking the collection, the deed of conveyance was made to the latter individually. Civil Code (1910), §§ 3180, 3182, 3183.

3. In this action by one of such salesmen for the recovery of his part of the commissions from the party who had listed the property for sale a verdict was not demanded in favor of a plea of accord and satisfaction by the defendant, based upon the transaction referred to in the preceding paragraph,—namely, the conveyance to the other salesman individually,—where the evidence failed to show without dispute that

.the plaintiff either consented to the transaction or subsequently ratified it.

4. The evidence being conflicting both as to the plaintiff's consent and as to his ratification, the trial court, after verdict found for the defendant, did not err in the first grant of a new trial. *Carr* v. *Carr*, 157 *Ga.* 208 (121 S. E. 227).

5. "The first grant of a new trial will not be disturbed by the Supreme Court [or the Court of Appeals], unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code (1910), § 6204.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 16, 1924.

Complaint; from city court of Thomasville—Judge Hammond. May 8, 1924.

*H. J. MacIntyre,* for plaintiff in error.

*S. P. Cain, P. C. Andrews,* contra.