### 16425.   BROWN v. MARBUT-WILLIAMS LUMBER CO.

1. Where the owner of real estate has given to the holder of a properly recorded materialman's lien a demand note reciting on its face that its acceptance does not constitute a waiver of the lien, and that the lienholder has the right to foreclose the lien at any time, the agreement in the note that the lien shall continue in force would estop the maker from contending that a suit on the note had the effect of extinguishing the lien, and from denying the lienholder's right to a personal judgment on the note and to a foreclosure of the lien in the same action.

2. Where there has been no final judgment, a defendant can not, in a bill of exceptions to a judgment overruling his general demurrer to the plaintiff's petition, properly except also to an order striking his answer.

DECIDED SEPTEMBER 9, 1925.

Lien foreclosure; from city court of Atlanta—Judge Reid. April 4, 1925.

Marbut-Williams Lumber Company filed suit in the city court of Atlanta, seeking to foreclose its lien for material furnished L. L. Brown and used in the improvement of Brown's real estate. In the same action the plaintiff sought judgment upon a certain promissory note payable on demand and containing the following provisions: "This note is given for materials furnished to the undersigned L. L. Brown, upon the real estate described in the lien filed by Marbut-Williams Lumber Company against the said L. L. Brown and recorded in Deed Book 578, page 267, in the office of the clerk of the superior court, Fulton county, Ga. It is understood and agreed that said Marbut-Williams Lumber Company by accepting this note does not waive its said lien, and the said Marbut-Williams Lumber Company has the right to foreclose its said lien at any time it may desire. This note is given as evidence of the correct amount due said Marbut-Williams Lumber Company for material furnished to improvement of said property."

The defendant interposed a demurrer on the grounds that the petition set forth no cause of action, was multifarious, contained an improper joinder of causes of action, sought the exercise of two inconsistent remedies, and showed that the lien was extinguished. The defendant filed also an answer of general denial, not sworn to. The plaintiff demurred to the answer, because it was not sworn to, and on the further ground that it set forth no defense to the note sued on. The court overruled the demurrer to the petition

and sustained the demurrer to the answer, and the defendant excepted.

*Albert E. Mayer,* for plaintiff in error.

*McElreath & Scott,* contra.

BELL, J. (After stating the foregoing facts.)

1. It is a well-recognized rule of law that a party can not in the same action pursue two inconsistent remedies, but he can obtain judgment on an open account for materials furnished and in the same action establish his materialman's lien. *Parish* v. *Murphey,* 51 *Ga.* 615. In the case of *Belmont Farms* v. *Dobbs Hdwe. Co.,* 124 *Ga.* 827 (1) (53 S. E. 312), it was held: "The taking of a promissory note for an amount ·due on an account, which is the basis of a mechanic's, materialman's, or contractor's lien, in the absence of an express agreement, will not, until the note is paid, accomplish an extinguishment either of the account or the lien. But as a condition precedent to final judgment, either upon the account or the lien, the note must be surrendered to the maker, or accounted for by showing that it is not in any event enforceable against him." Whether it would ordinarily be an improper joinder of causes of action to seek in the same suit a foreclosure of a materialman's lien and also a judgment on a note given for the amount thereof, in the case under consideration the maker of the note, by a stipulation in the face thereof, not only recognized the existence of such a lien, but agreed that the lien was not waived by the payee's acceptance of the note. This agreement on his part amounted to a waiver of whatever right, if any, he might otherwise have had to object to the joinder of the two causes of action, and would estop him from denying the plaintiff's right to pursue the two remedies in the same suit. Counsel for the 'plaintiff in error concedes that the mere taking of the note would not operate to extinguish the lien, but insists that suing on the note did extinguish it. If that were so, the note amounted to no more than an admission of the indebtedness, and the promise contained therein was altogether meaningless. It would be a vain agreement which provided that the acceptance of the note would not waive the lien, if a suit on the note would have such effect. If the rights reserved by the payee in accepting the note were lost by a suit on it, the reservation of them would have been wholly useless in the first place. The parties must have intended that the lienholder

could sue on the note just as he might have done on the account and at the same time ask a foreclosure of the lien. The petition set forth a cause of action and was not subject to any of the demurrers. Whether the same would have been true except for the express stipulation of the note, it is unnecessary to decide, but if, as held in *Belmont Farms* v. *Dobbs Hdwe. Co.,* supra, the taking of the note would not extinguish the lien, it would seem that neither would a suit on the note do so, since the parties would evidently contemplate that the note would be sued on, or that the plaintiff might elect to sue thereon in case of its nonpayment. See, in this connection, Gilcrest *v.* Gottschalk, 39 Iowa 311; Spence *v.* Etter, 8 Ark. 69; Germania Bldg. &c. Asso. *v.* Wagner, 61 Cal. 349; Marean *v.* Stanley, 5 Colo. App. 335 (38 Pac. 395); U. S. Blowpipe Co. *v.* Spencer, 40 W. Va. 698 (21 S. E. 769).

2. There having been no final judgment, the defendant, while having the right to bring to this court a bill of exceptions to review the judgment overruling his general demurrer to the plaintiff's petition, because the "judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause" (Civil Code, § 6138), could not in the same bill of exceptions properly except also to the judgment striking his answer. "The latter judgment could not be reviewed by direct writ of error; and the exceptions thereon, being premature, can not be considered with the exceptions to the judgment on the demurrer to the petition." *Chatham Motor Co.* v. *Lincoln Motor Co.,* 31 *Ga. App.* 229 (2) (120 S. E. 444).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*