### 18365. BROOKS *v.* JACKINS.

BELL, J. 1. A note given for an existing indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and therefore does not constitute a novation. In the absence of agreement to the contrary, promissory notes are not payment until themselves paid. Civil Code (1910), §§ 4226, 4326, 4314; *Ga. Nat. Bank* v. *Fry,* 32 *Ga. App.* 695 (1, 2) (124 S. E. 542); *Schneider Marble Co.* v. *Knight,* 37 *Ga. App.* 646 (141 S. E. 120).

2. The taking of such a note from a tenant by a landlord for an amount of rent, even after the rent is due, and even though the note is payable in the future, will neither extinguish nor postpone the landlord's right to distrain, nor prevent final judgment in his favor in the distress-warrant proceeding, where the note is surrendered to the maker, or is sufficiently accounted for by showing that the maker will incur no further risk of liability thereon. *Belmont Farm* v. *Dobbs Hardware Co.,* 124 *Ga.* 827 (7) (53 S. E. 312); *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (118 S. E. 478); *Brown* v. *Marbutt-Williams Lumber Co.,* 34 *Ga. App.* 348 (2) (129 S. E. 575); *Hilley* v. *Perrin,* 3 *Ga. App.* 143 (59 S. E. 342).

3. "This court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case." *Weinkle* v. *Brunswick &c. R. Co.,* 107 *Ga.* 367, 368 (33 S. E. 471); *Harvey* v. *Bowles,* 112 *Ga.* 363 (37 S. E. 363); *McCain* v. *College Park,* 112 *Ga.* 701 (37 S. E. 971); *Rowe* v. *Twiggs County,* 152 *Ga.* 548 (110 S. E. 303); *Carr* v. *Carr,* 157 *Ga.* 208 (121 S. E. 227); Civil Code (1910), § 6204.

(*a*) The ruling by this court in *Lowe Co.* v. *Teasley Co.,* 4 *Ga. App.* 155 (3) (60 S. E. 1077), to the effect that where a trial judge, in granting a new trial, places his judgment solely upon a specified ground alleging error of law, the merits of that particular ground will be inquired into regardless of whether the new trial is a first new trial or not, appears to be in conflict with the decisions of the Supreme Court and will not be followed.

4. The verdict in favor of the defendant not having been absolutely demanded by the evidence, the judgment of the trial court granting to the plaintiff a first new trial can not be disturbed by this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 27, 1928.

*E. R. Lambert,* for plaintiff in error.   *M. C. Few,* contra.