18891. BROWN *v.* WESTERN UNION TELEGRAPH CO.

BROYLES, C. J. This was a suit for nominal damages. A verdict for the plaintiff was demanded by the evidence, and the jury returned a verdict in his favor for $250. A motion for a new trial was made by the defendant, and, before it was heard, the plaintiff voluntarily, and without suggestion from the court, wrote off from the verdict and judgment the sum of $75, making the verdict and judgment $175. A new trial was granted upon the sole ground that in the opinion of the court the verdict was excessive as a matter of law. *Held:* "The trial judge has the discretion of granting a new trial on the ground that the verdict is excessive, when his mind and conscience disapprove the verdict as rendered, though the verdict is not so large in amount as to carry conviction of bias and prejudice on the part of the jury, and though the case is one in which the only measure of damages is the enlightened conscience of the jury." *Smith* v. *Maddox-Rucker Banking Co.,* 8 *Ga. App.* 288 (68 S. E. 1092). See also *Parks* v. *Stevens,* 27 *Ga. App.* 180 (94 S. E. 60), and cit.; *Brooks* v. *Jackins,* 38 *Ga. App.* 57 (142 S. E. 574). *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 10, 1928.

*Porter & Mebane,* for plaintiff.
*Graham Wright, Howell, Heyman & Bolding,* for defendant.

18953. GODWIN *v.* THE STATE.

18954. MOORE *v.* THE STATE.

BROYLES, C. J. In each of these cases the motion for a new trial was dismissed by the judge, and the only assignment of error in the bill of exceptions in each case is upon that judgment. In neither case, however, is such assignment of error argued or referred to in the brief of counsel for the plaintiff in error. In each case, therefore, the assignment of error is treated as abandoned.

*Judgments affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 10, 1928.

*J. P. Tomlinson,* for plaintiffs in error.
*H. C. Morgan, solicitor-general,* contra.