23635. FARMERS' HARDWARE & FURNITURE COMPANY *v.* AMOS.

SUTTON, J. 1. This was a suit on an account running from November 10, 1925, to June 11, 1932, inclusive, with items debited and credited thereon during this period. The present suit was filed December 7, 1932. The plaintiff can not recover for any items due and unpaid on this account prior to December 7, 1928; but the items of indebtedness entered and due on the account since that date are recoverable. The evidence showed that the plaintiff was entitled to recover for certain of these items during this period, but the jury returned a verdict for the defendant, which was unauthorized, and the court erred in overruling the plaintiff's motion for new trial.

2. The evidence showed that between December, 1928, and April 5, 1932, certain payments on the account were made by the defendant debtor, but no direction was given by him as to the application of these payments. The plaintiff had the right to apply these payments to the oldest items of indebtedness in the running account, even to any that were barred by the statute of limitations. Civil Code (1910), § 4316; *Hobbs* v. *Crawford,* 4 *Ga. App.* 585 (62 S. E. 157) ; *Coxwell* v. *DeVaughn,* 55 *Ga.* 643.

3. Plaintiff could not recover for any indebtedness that accrued prior to December 7, 1928, which was not satisfied by the application of the pay-

ments made by the defendant during the time from December, 1928, to April 4, 1931; however, the items charged against the defendant from December 7, 1928, to June 11, 1932, the date on which the last debit was entered on the account against the defendant, were not entitled to be satisfied by the application of these payments, in the absence of any direction by the paying debtor to that effect, and the plaintiff's petition and the evidence authorized a recovery therefor.

4. "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate it at his election." Civil Code (1910), § 4316. In the absence of direction by the debtor as to the application of payments made by him, the creditor to whom such payments are made may apply the payments upon a running account covering transactions of several years, under this section, to the oldest items, so as to avoid the bar of the statute of limitations. *Hobbs* v. *Crawford*, supra. It follows that the court erred in charging the jury in this case that, if they believed that the defendant made the payments and intended that they should be credited on the part of his account barred by the statute of limitations, then they would be authorized so to credit the same, but if they believed that he did not so intend, but intended that the payments should be credited on a future account, they would not be authorized to apply the payments as credits on that part of the account then in life; there being no evidence of any direction or intent to direct the application of the payments on the part of the debtor.

5. The plaintiff company was first chartered as the Farmers' Trading Company in 1907. In 1915 it amended its charter and changed its corporate name to the Farmers' Hardware & Furniture Company. This charter expired in 1927. All the capital stock was owned by two persons at the time the charter expired, and they continued to operate the business as a partnership. All the accounts receivable of the partnership were transferred to the new corporation, formed in 1931, after the date of the last debit on the account sued on, in payment of the capital stock therein. This being so, there is no merit to the contention of the defendant that the plaintiff could not recover in this case, as it had shown no right, title, or interest in the account sued on, and the action to recover thereon was not maintainable by it.

6. Applying the above ruling, the court below erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

Decided March 26, 1934.

*E. L. Smith & Son,* for plaintiff.

*A. L. Miller, J. P. Cowart,* for defendant.