34355.   MAXWELL *et al. v.* SUMMERVILLE LUMBER CO.

Decided January 17, 1953.

**406**

*Archibald A. Farrar*, for plaintiffs in error.

*Thomas J. Espy Jr., Earl B. Self*, contra.

GARDNER, P. J. The verdict of the jury in this case was a general verdict and a special verdict, and not a special verdict or one finding in favor of the lien only, and the judgment entered properly followed the verdict. The plaintiff prayed for a general judgment against the defendants for $500.75, and also for a special judgment against the property improved, "giving said petitioner a lien upon said real estate." The verdict was a general one finding for the plaintiff for the full amount sued for, and was a finding "that the plaintiff's lien as prayed for be set up and established upon the property described in the petition." This was not a verdict finding in favor of the lien only, as contended by the defendants in their motion to conform the judgment to the verdict, and in their assignment of error in this court. The judgment was a general one against the defendants for the amount sued for, and also declaring that same be set and established as a lien on the described property. The court did not err in refusing to amend the judgment and in dismissing the motion of the defendant. "A verdict may be so amended as to make it conform to the pleadings, if the error shall plainly appear upon the face of the record." Code, § 110-

110. "Judgment and execution shall conform to the verdict." § 110-301. The verdict here conformed to the pleadings and was authorized thereby. Consequently, it would have been improper to have sustained the defendants' motion. The judgment followed the verdict. This is not a case, as contended by the defendants, under the Code, § 110-112: "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remitter as to that part which is illegal, and give judgment for the balance." The plaintiff's suit was for a judgment generally against the defendants for the amount owing it for the lumber sold to the defendants, and therein the plaintiff prayed that such judgment be declared a special lien as to the realty whereon was the building in which the lumber sold the defendants was used. The jury found in favor of the plaintiff generally and in favor of the special lien. The present suit was not in rem only but both in rem and in personam. The plaintiff could seek a general judgment against the defendants and ask for a special lien on the realty improved. See *Parish* v. *Murphy*, 51 *Ga.* 615; *Candler* v. *Farmers Loan &c. Co.*, 96 *Ga.* 44 (22 S. E. 715); *Brown* v. *Marbuit-Williams Lumber Co.*, 34 *Ga. App.* 348, 349 (129 S. E. 575). This was not a suit to foreclose a materialman's lien only. It is not such a case as in *Chambers Lumber Co.* v. *Gilmer*, 60 *Ga. App.* 832, 835 (5 S. E. 2d, 84) or in *Spirides* v. *Victory Lumber Co.*, 76 *Ga. App.* 78 (45 S. E. 2d, 65). *Haley* v. *Covington*, 19 *Ga. App.* 782 (92 S. E. 297) is not in point.

The execution was properly levied on any property of the defendants or either of them, and the court did not err in dismissing said motion and in allowing the case to proceed.

*Judgments affirmed. Townsend and Carlisle, JJ., concur.*