**35326. METALCRAFT ENGINEERING CORPORATION *v.* MOSES *et al.***

CARLISLE, J. Where, in an action of distraint for past due rent, the only defense interposed by the tenant is that the rent is not due, it being contended by the tenant that it had entered into an accord and satisfaction of the rent due with the duly authorized agent of the landlord by assigning certain funds due the tenant under a contract with the Federal government, which had already been assigned to a named bank, payable on order of the tenant, and that this assignment to the landlord had been acknowledged by the bank and accepted by the duly authorized agent of the landlord, a verdict in favor of the landlord in the amount of the past due rent will not be reversed by this court on review of a judgment of the trial court denying a motion for new trial, based solely on the general grounds, where there is evidence from which the jury was authorized to find that the alleged assignment was not accepted as an accord and satisfaction of the past due rent, but only as additional security for the payment of the rent. The taking of the assignment did not change the character of the indebtedness and does not constitute a defense to the action of distraint, as it does not appear that the bank ever made any payments to the landlord under the assignment. *Hilley* v. *Perrin,* 3 *Ga. App.* 143 (59 S. E. 342); *Brooks* v. *Jackins,* 38 *Ga. App.* 57 (142 S. E. 574). The assignment consisted of several pieces of correspondence, all of which were introduced in evidence. There was no indication that the assignment had been reassigned by the landlord. The failure of the plaintiff to surrender the physical possession of the papers to the defendant tenant afforded no reason for setting aside the verdict in favor of the plaintiff. *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379, 381 (7) (118 S. E. 478), and citations. The trial court, consequently, did not err in overruling the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1954.

*F. L. Breen,* for plaintiff in error.
*Robert P. McLarty, Eugene R. Simonds,* contra.