36724, 36745. DENNEY *v.* TATE *et al.;* and *vice versa.*

DECIDED MAY 23, 1957—REHEARING DENIED JUNE 7, 1957.

4

M. Cook Barwick, Kenyon, Kenyon & Gunter, for plaintiff in error.

Wheeler, Robinson & Thurmond, A. C. Wheeler, contra.

NICHOLS, J. In Murray v. Davidson, 174 Ga. 213, 219 (162 S. E. 526), the Supreme Court said: "This court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be upon all the grounds of the motion, or upon one or more of the specific grounds only, or whether it be upon a ground which involves a consideration of the evidence, or upon a ground which involves merely questions of law, unless it is made to appear that no other legal verdict than the one rendered could possibly have been returned under the law and the facts of the case. Unless a case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial. Southern Ry. Co. v. Higgins, 102 Ga. 586 (27 S. E. 785); Weinkle v. B. & W. Railroad Co., 107 Ga. 367 (33 S. E. 471); Harvey v. Bowles, 112 Ga. 363 (37 S. E. 363); Cordray v. Savannah &c. Ry., 117 Ga. 464 (43 S. E. 755); Van Giesen v. Queen Ins. Co., 132 Ga. 515 (64 S. E. 456); Rowe Motor Express Co. v. Twiggs County, 152 Ga. 548 (110 S. E. 303); Carr v. Carr, 157 Ga. 208 (121 S. E. 227)."

The plaintiff contends that the above quoted rule does not apply to the present case and cites Hiller v. Howell, 74 Ga. 174; Dilman Bros. v. Patterson Produce &c. Co., 2 Ga. App. 213 (58 S. E. 365); and Lowe Co. v. Teasley & Co., 4 Ga. App. 155 (60 S. E. 1077). The last case cited was expressly disapproved by this court in Brooks v. Jackins, 38 Ga. App. 57 (142 S. E. 574), where after the above quoted rule was applied it was said (headnote 3a): "The ruling by this court in Lowe Co. v. Teasley & Co., 4 Ga. App. 155 (3) (60 S. E. 1077), to the effect that where a trial judge, in granting a new trial, places his judgment solely upon a specified ground alleging error of law, the merits of that particular ground will be inquired into regardless of whether the new trial is a first new trial or not, appears to be in conflict with

6

the decisions of the Supreme Court and will not be followed." Accordingly, it appears that the other cases relied on by the plaintiff are necessarily in conflict with the Supreme Court decisions on this point.

Therefore, the judgment of the trial court granting the defendant a first new trial will not be disturbed since the evidence did not demand a verdict for the plaintiff, and it becomes unnecessary to pass on the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Felton, C. J., and Quillian, J., concur.*