### 38338. PARKER HEATING COMPANY v. MINNEAPOLIS-HONEYWELL REGULATOR COMPANY.

DECIDED JULY 1, 1960.

*Wotton, Long & Jones,* for plaintiff in error.
*Poole, Pearce & Hall, William F. Lozier,* contra.

NICHOLS, Judge. ■ The defendant filed general and special demurrers to the petition. The special demurrers attacked the exhibit attached to the petition and designated as a statement of the alleged "account" sued on. These demurrers alleged that the exhibit did not fully and distinctly set forth the account sued on, that it was insufficient as a bill of particulars or itemization of the account sued on, and that the plaintiff had failed to set forth an itemization of the account sued on.

The exhibit, on a form which contained the name of the plaintiff printed thereon, showed "Sold to" followed by the name and address of the defendant, and this was followed by the following:

| "Date | Reference | Debits | Credits | Balance |
|---|---|---|---|---|
| | WILLIAMS PLAZA SHOPPING CENTER | | | |
| | 936-58009 | $3405 | | |
| 7/15/58 | A36-21231 | 789.00 | | |
| 9/29/58 | Paid | | 789.00 | |
| 8/15/58 | A36-24603 | 2307.00 | | |
| 9/15/58 | A36-28356 | 475.00 | | |
| | | 3355.00 | 789.00 | 2566.00" |

A statement as to the correctness, etc., of the figures was placed at the bottom of the exhibit and was signed by the plaintiff's assistant secretary.

The plaintiff argues that the defendant's demurrers attacking the petition on the ground that the exhibit was insufficient, etc., were themselves imperfect and were therefore properly overruled by the trial court, and cites the cases of *Alford v. Davis,* 21 Ga. App. 820 (95 S. E. 313), and *Katz v. Turner,* 49 Ga. App. 81 (174 S. E. 167). While those cases support the well settled principle of law relied on by the plaintiff, the defendant's demurrers in the present case sufficiently pointed out, or "put their

finger" on, the defect complained of so as to exclude the application of such law to the present case. The language quoted by Judge MacIntyre in *Page v. Virginia-Carolina Chemical Co.*, 62 Ga. App. 727, 728 et seq. (9 S. E. 2d 857), clearly and succinctly states the office of a special demurrer in cases such as the one sub judice, and where as there the pleading was itemized with enough fullness and specification to confine the pleader to a particular cause of action and to apprize the adversary of the nature of the claim so as to enable him to prepare his defense, the pleading is not subject to demurrer. In the case of *Henry Darling, Inc. v. Harvey-Given Co.*, 40 Ga. App. 771 (151 S. E. 518), the bill of particulars, while abbreviations were used, was sufficient when considered with the petition to withstand demurrer. In the present case it is not even shown what type of merchandise or services was sold, either in the petition or the exhibit attached thereto. The exhibit is nothing more than a ledger sheet, which, without a knowledge as to the meaning of the *number* shown as a "reference" and the actual referral to such source is without meaning. The trial court erred in overruling the defendant's demurrers, both general and special, since the petition did not comply with the provisions of *Code* §§ 81-101 and 81-105, and the further proceedings were nugatory.

■ Where a judgment overruling demurrers to a petition is reversed by this court, the further proceedings in the case are nugatory and any assignments of error thereon are rendered moot, and need not be passed on. See *Stein Steel &c. Co. v. K. & L. Enterprises*, 97 Ga. App. 71, 75 (102 S. E. 2d 99).

*Judgment reversed. Felton, C. J., and Bell, J., concur.*