38438. KILGORE v. GULF OIL CORPORATION.

DECIDED OCTOBER 20, 1960.

*Thomas T. Purdom*, for plaintiff in error.

*John C. Lee, Casper Rich*, contra.

BELL, Judge. The defendant's special demurrers as renewed to the plaintiff's bill of particulars annexed to the petition contend that the suit upon the plaintiff's account was not sufficiently itemized. The bill of particulars sets forth the charges for petroleum products, services, and/or auto accessories purchased on the presentation of the Gulf credit card issued to the defendant, and listed the total only of charges by months, beginning with December, 1958, and running through April, 1959. The special demurrers seek to determine the date, place, and amount of each purchase, the specific merchandise, goods, or service purchased each time on the credit card, and the name of the purchaser on each transaction. In short, the objections to this bill of particulars raise the issue as to how particular a bill of particulars must be. The Code provides in § 81-105, inter alia, "In suits on accounts a bill of particulars should be attached." There are innumerable decisions pertaining to this point annotated under this section, under *Code* § 81-101, and under *Code* § 81-304.

In *Henry Darling, Inc. v. Harvey-Given Co.*, 40 Ga. App. 771 (151 S. E. 518), this court held that in a suit upon an account, it is sufficient to allege that the defendant is indebted to the plaintiff in a stated amount on an account, and further that while the account should be itemized in a bill of particulars attached to the petition, unnecessarily minute and detailed statements are not required. "As to itemization it is enough to state the account with such fullness and specification as will confine the plaintiff to a particular cause of action, and fairly apprise the defendant of the character of the demand so as to enable him to prepare his defense." Ibid, p. 777. See also *Walker v.*

*Industrial Stores Co.*, 37 Ga. App. 448 (140 S. E. 519); *Russell v. Wineburg*, 30 Ga. App. 319 (117 S. E. 666); and *Shores-Mueller Co. v. Bell*, 21 Ga. App. 194 (94 S. E. 83).

In a supplemental brief filed by the defendant it is contended that the recent case of *Parker Heating Co. v. Minneapolis-Honeywell Regulator Co.*, 102 Ga. App. 27 (115 S. E. 2d 410), is in point with the situation here. There the exhibit attached to the petition did not contain any statement of the type of merchandise, services, or supplies rendered. It merely gave the dates, debits, credits, and contained a reference column which listed certain numbers opposite the dates and amounts of the sales; the meaning of these reference numbers did not appear in either the exhibit or the petition. This court held that such an exhibit was insufficient as a bill of particulars or itemization of the account.

We consider now the defendant's special demurrers as renewed which, while they assign three separate grounds, in effect only attack the bill of particulars as insufficient. We agree that, consistent with the policy as expressed by the decisions of this court, the plaintiff should have set forth the date of each purchase, the place of each purchase, the amount of each purchase, and the specific merchandise, goods, or services purchased on each occasion. As the plaintiff's bill of particulars was drawn it was not sufficient to apprise the defendant of the character of the demand leveled against him so as to enable him to prepare his defense. Accordingly, we hold that the defendant's special demurrers 3(a), 3(b), 3(d), and 3(e) were meritorious, and it was error for the trial court to overrule them. This ruling necessarily answers special demurrer number 1, and the remaining demurrers have no merit.

Since no proper assignment of error was made in the bill of exceptions upon any ruling the trial court may have entered on the additional special demurrers filed by the defendant, this court will not consider them.

The error in the judgment of the trial court overruling the defendant's special demurrers as enumerated requires the reversal of the order and judgment. It follows that all of the subsequent proceedings in the trial were nugatory.

*Judgment reversed. Felton, C. J., and Nichols, J. concur.*