38620. SOUTHERN WIRE & IRON, INC. v.
AMERICAN CASUALTY COMPANY.

DECIDED MARCH 7, 1961.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, A. A. Baumstark, James K. Rankin,* contra.

NICHOLS, Judge. 1. The defendant relies on the case of *Parker Heating Co. v. Minneapolis-Honeywell Regulator Co.,* 102 Ga. App. 27 (115 S. E. 2d 410), to support its contention that the exhibit attached to the petition was insufficient and that its demurrers pointing out such defects should have been sustained. In that case there was no allegation as to items of merchandise or services sold, nor did the exhibit attached to the petition disclose such information and the defendant was not apprized of the nature of the claim against him so as to enable him to prepare his defense, nor was the pleader, under the allegations, confined to a particular cause of action. See also *Kilgore v. Gulf Oil Corp.,* 102 Ga. App. 619 (117 S. E. 2d 199), where it was held that, in an action on an open account by an oil company the bill of particulars merely set forth monthly totals of "petroleum products, services and auto accessories," such bill of particulars was insufficient to confine the plaintiff to a particular cause of action and fairly apprize the defendant of the character of the claim against him. Such is not the case here, for the bill of particulars in the present case confined the plaintiff to a recovery on specified insurance policies, and the information given did apprize the defendant of the

claim against it. In *Henry Darling, Inc. v. Harvey-Given Co.*, 40 Ga. App. 771 (2) (151 S. E. 518), also a case on open account for insurance premiums, it was held that a bill of particulars in greater detail than the one in the case sub judice was sufficient as against demurrer, but it was not held in that case that all the information therein alleged was necessary in order to withstand special demurrer. It was there said: "In a suit upon an account, a bill of particulars should be attached to the petition; in other words, the account should be itemized, although unnecessarily minute and detailed statements are not required. In this respect the petition will be sufficient if it plainly, fully, and distinctly sets forth the ground of complaint or cause of action relied on. In the instant case the petition was not subject to special demurrer because the account sued on was not sufficiently itemized."

The bill of particulars in the case sub judice was sufficient and the defendant's special demurrers thereto were properly overruled, and the general demurrer, based on the special demurrers being sustained, was properly overruled.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*