## 39971. WILENSKY LEATHER COMPANY
### v. BULEY et al.

RUSSELL, Judge. 1. Where a bill of particulars is the foundation of an action on open account, failure to attach a proper itemization of the account is the subject of special but not general demurrer; however, where the special demurrer is sustained with leave to amend and no sufficient amendment is filed, the petition is then subject to dismissal. *Code* § 81-105; *Southern Exp. Co. v. Cowan,* 12 Ga. App. 318 (2) (77 SE 208).

2. It is well settled that a ledger sheet attached to a petition, which fails to show what type of merchandise or services

is involved in the account sued on, and which shows nothing except the defendants' names and over two hundred amounts identified only by date, is not a proper bill of particulars. *Parker Heating Co. v. Minneapolis-Honeywell Regulator Co.,* 102 Ga. App. 27 (1) (115 SE2d 410); *Kilgore v. Gulf Oil Corp.,* 102 Ga. App. 619 (117 SE2d 199).

3. The defendant here filed three special demurrers to the petition. Ground 1 is too vague and indefinite for consideration; ground 2 was cured by amendment, but ground 3 attacking paragraph 2 because it "sets out an amount of indebtedness upon an open account without setting forth a proper bill of particulars as required by law" is meritorious and was properly sustained by the trial judge, with 15 days allowed in which to amend. The plaintiff failed to amend, defendant renewed his demurrers, and the petition was dismissed. Although each of the orders of the trial court recites that the defendant's general and special demurrers are sustained, this was error since the demurrers were all special in nature. However, where special demurrers of this nature are sustained and the pleader fails to amend in conformity with the terms of the order, the suit may be dismissed on special demurrer, *Kennedy v. Ayers,* 166 Ga. 206, 208 (142 SE 859); *Mutual Benefit Life Ins. Co. v. Driskal,* 148 Ga. 699 (98 SE 265), but such a dismissal is not res judicata on the merits of the case and will not be a bar to a subsequent proceeding for the same cause. *Keith v. Darby,* 104 Ga. App. 624 (122 SE2d 463).

The trial court did not err in sustaining the special demurrers to the petition and thereafter dismissing it upon failure to amend.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED FEBRUARY 18, 1963.

*Otis L. Davis,* for plaintiff in error.
*Eugene B. Brown,* contra.