## 42955.  ROGERS et al. v. JOHNSON.

JORDAN, Presiding Judge.  E. F. Johnson commenced this action in Jones Superior Court against W. H. Rogers and Mrs. Dell S. Rogers, seeking a general judgment for the alleged unpaid balance due for labor and materials furnished in the construction of a dwelling, plus interest, and a special judgment for a lien upon the described realty.  After the trial court had overruled renewed general and special demurrers to the amended petition, the case proceeded to trial before a jury on the issues as raised by the amended petition and the joint answer of the defendants, including a cross action seeking judgment for $1,250, based on the alleged payment of $250 in excess of the agreed contract price for the dwelling, plus $1,000 as the estimated cost of completing the dwelling under the terms of the contract as alleged by the defendants. The jury returned a verdict for the plaintiff in the amount sought and for the lien.  Judgment was rendered accordingly, and the trial judge overruled a motion for judgment n.o.v., having previously overruled a motion for a directed verdict. The defendants appeal, asserting error as to the sufficiency of the evidence to support the judgment on the lien, additional errors identical to the general grounds of a motion for new

trial, and error on the overruling of one ground of special demurrer. *Held:*

1. By their final enumerated error the defendants contend, as stated in their demurrer, that they "are entitled to an itemized list of the amounts paid by plaintiff for labor and materials." The plaintiff alleges a balance due of $1,938.45 for labor and materials, but his pleadings provide absolutely no details as to how he arrived at this amount. A plaintiff may in a proper case, as in the case at bar, seek a judgment for the recovery of a debt for labor and materials furnished in improving property, and simultaneously seek the declaration of a special lien on the improved property. *Maxwell v. Summerville Lmbr. Co.,* 87 Ga. App. 405, 407 (74 SE2d 111). As to the debt, the action is one on account, and the debtor may by means of a special demurrer demand of the creditor a complete statement as to each item of the account. In this respect *Code* § 81-105 states that, "In suits on account a bill of particulars should be attached." See *Hobbs v. Crawford & Maxwell,* 4 Ga. App. 585 (2) (62 SE 157); *Busby v. Marshall,* 125 Ga. 645 (3) (54 SE 646); *Parker Heating Co. v. Minneapolis-Honeywell Regulator Co.,* 102 Ga. App. 27 (1) (115 SE2d 410); *Kilgore v. Gulf Oil Corp.,* 102 Ga. App. 619 (1) (117 SE2d 199). Accordingly, the trial judge erred in refusing to sustain this ground of special demurrer. As the ruling deprived the defendants of alleged details in support of the claim, as to which the defendants may have a defense, it was manifestly harmful as to further proceedings in the lower court and requires a reversal of the final judgment.

2. In view of the foregoing the only remaining enumerated error which may affect further proceedings in the court below, thus requiring a ruling by this court (see *Code Ann.* § 6-701) raises the issue of whether the testimony of the plaintiff, admitted without objection, that "he established his lien within three months from the date of the completion of the contract," is of probative value to support the verdict and judgment in favor of a lien. See basis for lien and requirements to establish, as set forth in *Code Ann.* §§ 67-2001, 67-2002, and 67-2301. While the record itself would be the best evidence of compliance with the statutory requirements for recordation within three months under *Code Ann.* § 67-2002 (2), secondary evidence of the fact, as disclosed by the testimony of the plaintiff, even if inadmissible upon proper objec-

tion (see *Code* §§ 38-203—38-205, 38-212) is not without probative value. See the discussion in *Knox Metal Products v. Watson,* 100 Ga. App. 832 (1) (112 SE2d 295), which distinguishes secondary evidence from mere hearsay, which is of no probative value even if admitted. This enumerated error is without merit.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED JUNE 30, 1967—DECIDED SEPTEMBER 7, 1967.

*George L. Jackson,* for appellants.
*J. Pierce Anderson,* for appellee.