274

Casey, Walton & Spain and Edwin L. Hubbard, all of Miami, Fla., for plaintiffs.

Jesse L. Grantham and J. B. Patterson, both of Fort Lauderdale, Fla., for defendants.

HOLLAND, District Judge.

The Court makes the following findings of fact:

1. In 1925, a suit was brought in the Circuit Court of Broward County, Florida, by Helen Pond Warner, against Fanny Thomas, a widow, since deceased, who resided in Chicago, Illinois, to specifically enforce an alleged contract to convey the property described in the amended complaint, which property was owned by Mrs. Thomas. She employed the Chicago law firm of Goodnow, Barasa & Liss. They employed Carl T. Hoffman, an attorney practicing in Miami, Florida. Mr. Hoffman, on his own responsibility, and without obtaining any prior authorization, associated the then law firm of Farrington & Lockhart, of Fort Lauderdale, Florida, composed of C. E. Farrington and Thomas M. Lockhart.

2. The suit was successfully defended by Mr. Hoffman and Messrs. Farrington & Lockhart. It resulted in a decree dismissing the bill of complaint. On appeal, the Supreme Court of Florida affirmed the decree, Warner v. Thomas, 94 Fla. 955, 114 So. 783, by mandate recorded in the Circuit Court December 27, 1927.

3. The plaintiffs, Susan Myrtle Jacobs and Norman Barker, are a niece and nephew, respectively, of Mrs. Thomas, and were and are her sole and only heirs at law. As such, they became the owners of and vested with the fee simple title in and to the property, as tenants in common, by inheritance from Mrs. Thomas.

4. On July 1, 1937, defendant Farrington applied to the County Judge of Broward County, Florida, for appointment as curator of the estate of Mrs. Thomas. He was appointed, took the required oath, gave bond, and letters of curatorship issued to him. On the same day, defendant Farrington petitioned the County Judge for authority to mortgage the property, to raise money for the purpose of redeeming it from a tax foreclosure then pending, in which the property was advertised to be sold by a special master July 5, 1937. The petition was granted, and Mr. Farrington, as curator, mortgaged the property to defendant Lettie Rowe, to secure an indebtedness of $1,870.61, which was used in redeeming the property from the tax foreclosure.

5. On July 1, 1937, defendant Farrington also made out, verified and assigned to defendant Lettie Rowe, a claim against the estate of Mrs. Thomas, asserting that her estate was indebted to him in the sum of $1,500 principal, and $1,152.67 interest, for professional services rendered by him.

6. On July 9, 1937, this claim, verified by defendant Lettie Rowe as assignee, was filed in the curatorship proceeding. On the same day, a citation issued, directed to "The next of kin of Fannie Thomas, deceased, late of Cook County, State of Illinois, and all others whom it may concern," requiring that cause be shown why some fit person should not be appointed administrator of the estate of Fannie Thomas, and was published in Broward County, and in Chicago.

7. On August 23, 1937, defendant Lettie Rowe was appointed administratrix. On

August 25, 1937, she filed a verified petition, praying that she be authorized to take possession of the property for the purpose of paying debts of the decedent. In that petition, she alleged that the heirs of Mrs. Thomas were Susan Myrtle Jacobs and Norman Barker, described them as being a niece and nephew, respectively, of Mrs. Thomas, and gave their respective correct residence addresses.

8. A notice entitled "Notice of Application to Sell Real Estate" was issued by the County Judge, requiring Barker and Mrs. Jacobs to show cause October 11, 1937, why the petition for authority to take possession of the property should not be granted. The notice was published in Broward County, and copies were mailed to and received by Barker and Mrs. Jacobs.

9. On October 8, 1937, J. L. Jacobs, husband of Mrs. Jacobs, wrote the County Judge:

"I wish to acknowledge receipt of the above notice dated August 25th directing our appearance before your Honorable Court on October 11th to show cause why an order of the Court should not be granted to take possession of the following lands, situated in Broward County, Florida, to-wit:

"Lot 9, Block 9 of Colee Hammock, Mrs. Mary Brickell's subdivision of part of the North Half of Section 11, Township 50 South, Range 42 East, according to the plat thereof recorded in Plat Book 1, page 17 of the public records of Broward County, Florida.

"It is not possible for either Mrs. Susan Myrtle Jacobs, my wife, or her brother, Norman Barker, to be in Florida at this time, nor have we been successful in having a representative in Florida on the above date.

"However, if it is permissible, I wish to advise your Honor that the heirs of the above estate have been in contact with the Fort Lauderdale tax offices and with local counsel to work out a plan to clear the title on the above property.

"In this connection, we have been advised that a Mr. C. E. Farrington, an Attorney of Fort Lauderdale, claims to have represented Mrs. Fanny Thomas in a suit in equity for specific performance on the above property in 1925 against Mrs. Thomas. I cannot understand by what authority Mr. Farrington got into the above case or has the right to claim $1,500 as a fee for services without the knowledge of either Mrs. Fanny Thomas or the beneficiaries of the estate. This estate has been closed since April 27, 1931.

"About the time the suit for specific performance was filed, Mrs. Thomas obtained the advice of Honorable Charles N. Goodenow, former Circuit Court Judge in this city, who recommended the employment of Mr. Carl T. Hoffman, Attorney of Miami to defend this case.

"After the suit was decided on against the complainant and the bill for specific performance was dismissed by the court on March 9, 1926, settlement in full was made with Mr. Hoffman on his claim for $350.00 according to the copy of the final account of the estate of Mrs. Fanny Thomas. (Cook County Docket 268, Page 94, Box 131,554).

"Mr. R. E. Blackwood, Attorney of this city who cared for the closing of the estates of Mr. and Mrs. Thomas, has a copy of the final account of the latter estate, together with a carbon copy of letter advising that they had receipt for the above money.

"At no time do the records show that Mrs. Thomas engaged Mr. C. E. Farrington on the above case or any other case. It is possible that Mr. Hoffman called for the cooperation and services of Mr. Farrington on the above, but payment to Mr. Hoffman was for the entire account and any claim by Mr. Hoffman or Mr. Farrington in addition to the above is clearly in error and should be defeated as the facts are presented before your Court.

"I appreciate that this means of communicating the above information is rather unusual, but any other procedure at this time was quite out of the question. I will thank you for your advice on the action taken on the above and also any suggestion on the best procedure for us to follow in clearing up this matter at the minimum possible expense."

10. On October 9, 1937, the County Judge telegraphed Jacobs: "Re your letter suggest that heirs obtain local attorney or have some representative at hearing October eleventh as not possible for court take sides stop Since service of notice heirs have had ample time to provide themselves with some representative for hearing".

11. The administratrix then petitioned, on October 22, 1937, for authority to sell the property for the purpose of paying debts. An order granting her authority to do so was entered the same day. A notice

276

of sale was published. On December 4, 1937, the administratrix offered the property for sale at public auction. The property was bid in by defendant Farrington for $3,015, in the name of Kelley Holding Company, a corporation organized by defendant Farrington on June 11, 1937.

12. On December 6, 1937, the administratrix filed with the County Judge a report stating that the property had been sold to Kelley Holding Company for $3,015.

13. On January 20, 1938, the County Judge entered an order confirming the sale and directing that the administratrix convey the property to Kelley Holding Company, upon the payment to her of the sum of $3,015.

14. The conveyance was made February 10, 1938.

15. Defendant C. E. Farrington believed himself, in good faith, to have a valid and subsisting claim against the estate of Fanny Thomas at the time of the institution of the curator proceedings in said estate in Broward County, Florida.

16. Defendant C. E. Farrington is not guilty of actual fraud.

17. The Probate Court of Broward County, Florida, acquired proper jurisdiction in the curator proceedings in re the estate of Fanny Thomas, deceased.

18. The Probate Court of Broward County, Florida, had jurisdiction of the subject matter and persons of the plaintiffs in the administration proceedings, in re the estate of Fanny Thomas, deceased.

19. Defendant C. E. Farrington and defendant Lettie Rowe are neither guilty of constructive fraud.

20. The plaintiffs had legal notice of the probate proceedings in Broward County, Florida, and were, in particular, personally notified of the application of the administratrix to take possession of the property of the estate of Fanny Thomas to pay the debts and expenses of said estate.

21. At the time of the application by the administratrix to take possession of the real estate, the estate of Fanny Thomas was indebted in the sum of $1,870.61 for costs incurred by the curator to redeem the property of said estate from a pending tax foreclosure.

22. At the time of the application by the administratrix to take possession of the real estate, the estate of Fanny Thomas was indebted for the costs of the administration proceedings in said estate.

23. The price of $3,015 which was bid by Kelley Holding Company for lot 9 of block 9 of Colee Hammock, a subdivision in Fort Lauderdale, Florida, at the administratrix sale held on December 6, 1937, was not so inadequate as to shock the conscience of this Court.

### Discussion.

This case has been argued before me at length, both at preliminary stages, and on final hearing with all testimony taken. The basis of the relief sought is that of fraud. Jurisdiction is based on diversity of citizenship and jurisdictional amount involved. Defendant Farrington, an attorney and resident of Fort Lauderdale, Florida, was in 1925, and several years thereafter, associated in the practice of law with Thomas M. Lockhart, under a relation of partnership. The said Lockhart for many years has ceased to reside in the State of Florida. Farrington and Lockhart, as partners were associated by Carl Hoffman, an attorney of Miami, Florida, to represent Mrs. Fanny Thomas, an Illinois resident, in some real estate litigation which was appealed to the Supreme Court of the State of Florida. As stated in my findings, Mrs. Thomas was successful in that litigation. A fee for services was arranged by the Miami attorney after determination of the litigation, which fee, in an amount reduced by agreement, was paid to Mr. Hoffman, who in turn made a proper accounting with his associates in the litigation, Messrs. Farrington and Lockhart. The portion of the fee going to Messrs. Farrington and Lockhart was paid by check made payable to Farrington and Lockhart. The check was received by Mr. Lockhart and cashed by him in Georgia. The defendant Farrington was ignorant of the payment of this fee, and continued ignorant of said fact, and was in ignorance of the said fact at the time of the institution of the administration proceedings in Broward County, Florida, on the estate of Fanny Thomas, deceased. The testimony disclosed that Mr. Farrington had called to his attention the fact that there was being advertised for sale in a tax foreclosure proceeding the real estate in Fort Lauderdale, which was the same real estate over which the litigation in the courts of Florida had taken place. This was the only property belonging to the estate of Fanny Thomas in the State of Florida out of which an unpaid fee for legal services could be collected, at least so far as was known to the defendant

Farrington. He learned of this foreclosure proceeding only a few days before the date scheduled for the sale in the State tax foreclosure proceeding. Defendant Farrington had not received any fee for his services, and Mrs. Thomas was then deceased. There had been no division of the fee with him by Mr. Lockhart, and, as stated, he was not aware of the fact that payment had been made to Farrington and Lockhart through the said Lockhart. Many years had elapsed with his books substantiating his then recalled memory that he had not been paid a fee for his services. His former partner had ceased to reside in Fort Lauderdale for many years. Farrington was ignorant, as I have stated, of the fact that his former law partner had received the check for their partnership portion of the fees. In view of the circumstances, his actions were those of a person of honest intention seeking to collect a debt, and the testimony fails entirely to show that Mr. Farrington was guilty of any fraud, either actual or constructive as charged in the amended complaint.

This is an equitable action, in which equitable relief is sought. The basis for the relief, either actual or constructive fraud, in my opinion is not well founded, and I so hold. Plaintiffs strongly rely on Deans v. Wilcoxson, 25 Fla. 980, 7 So. 163, claiming this is authority for the contention that the sale of the real estate in the administration proceeding only raised a prima facie presumption as to the validity of the debt, based on which administration on the estate of Fanny Thomas, deceased, was sought, and the further contention that the heirs may maintain this equity action and set aside the sale. The case of Deans v. Wilcoxson, supra, was decided on the pleadings, and it holds that the allegations of the complaint did not constitute a statement of facts sufficient to withstand a demurrer, on a test of the validity of claims filed in the administration proceedings. It may well be doubted if Deans v. Wilcoxson, supra, abstractly requires, without some element of fraud, that a sale of real estate should be upset and declared void, but certainly the case does not lead to such a conclusion when good faith was present in the assertion of the claim as was the case here, and when funds were invested in good faith to protect the property against loss by tax foreclosures; and further when the heirs were properly sought to be brought in by proper notification proceedings. The record here does not justify the relief sought, that is of having the entire administration proceeding declared null and void. The administration was procured in good faith; rights accrued thereunder, and the sale of the property was as a matter of law a good and valid sale. As a matter of equity it may in effect be set aside by the property being deeded to the plaintiffs, with full reimbursement to the defendant Farrington as hereinafter set out. That as an equitable feature of the case is discussed hereafter.

It appears that the administrative proceedings have not been terminated, and this Court is asked to leave the County Judge's Court to deal with the matter of the Farrington claim, from the creditorship standpoint. This Court intends so to do. However, since this Court has jurisdiction of the parties, and has fully considered the merits of the Farrington claim for legal services against the estate of Fanny Thomas, deceased, this Court should prevent unnecessary future litigation, and should not leave the matter of the merits of that claim undecided. Especially is this the case here, as defendant Farrington contends that the evidence justifies him in his position that the Farrington claim is a good and valid one. He contends that the testimony in the case justifies the position that Fanny Thomas employed his firm, or that by subsequent proceedings she, Fanny Thomas, ratified his employment. With the defendant Farrington making these contentions in this case, and the merits of his claim thus having been here litigated, the failure to pass upon that matter would naturally raise a presumption in the County Judge's Court that the claim was considered as valid. I hold that the defendant Farrington's contention in this regard is not well taken. While defendant Farrington entered upon the administration proceedings in good faith, yet, with the facts developing in the production of the testimony that the claim of Farrington & Lockhart had been paid, in my opinion, there should be no recovery by Farrington on that claim in the administration proceedings. There is no effort by this Court to direct a County Judge in the performance of his official duties, but this Court having considered the facts developed in this case, and being of the opinion that Farrington has no present claim against the estate of Fanny Thomas, deceased, because such claim has been settled and discharged, this Court retains jurisdiction of this cause to do equity between the par-

ties. This Court retains jurisdiction to consider by a proper application at some future occasion, if need be, the entering of an order making the findings and order of this Court now made, contingent upon the said Farrington doing equity by seeing that no money is paid to him, or any other party to this proceeding, on account of the said claim for legal services, which claim for legal services this Court holds has been paid and· discharged. And further, this Court is of the opinion that equity requires that the said Farrington and other defendants be barred from recovery of any fees for services in the said administration proceedings by way of attorneys' fees, administrator's or curator's fees. The mortgage placed by the curator is regarded as a valid lien, and no effort is made by this order to forbid the payment of the principal and interest secured thereby. Likewise, no effort is made herein to forbid the said Farrington to recover all out of pocket expenses which he may have made in connection with said administration proceedings. For clarity, it is repeated that jurisdictionally and at law the sale of the real estate in the administration proceedings was a valid sale.

Should the Court stop here in its recognition of this equity and remain satisfied that full and complete equity had been done with deprivation of any creditorship collection of the asserted said attorneys' fees, then I realize that the plaintiffs would be held to the amount bid for the property, and that with the reimbursement to the defendant Farrington of all moneys to which he is entitled under the findings herein made, that there would be an accounting by the administratrix to the heirs for the difference only between the amount for which the property sold on the one hand, and the amounts properly reimbursed to the defendant Farrington on the other hand. Under the facts in this case, I think the plaintiffs are entitled to have a further equity recognized. While I give full recognition of good faith to the acts' of the defendant Farrington in instituting the administration proceedings, and hold that he was entirely free from all charges of fraud in connection therewith, and hold that he is entirely free from criticism of any fraudulent intent, yet, his failure to investigate fully after the receipt of the letter of October 8, 1937, by the County Judge, subjects him to the penalty of a recognition of this further equity in favor of the plaintiffs. Defendant Farrington was not justified in his failure to investigate when the subject matter of a payment of ·fees was discussed in the letter of October 8, 1937. Had he then heeded the implications of that letter and investigated, he could have discovered that the fee he was attempting in good faith to collect, had in fact been paid to his former partner. It may well be here observed that defendant Farrington's failure to stop and investigate at that time fully warranted plaintiffs' attorneys in testing this situation out in litigation with an attorney of the Bar. Situations such as this should be inquired into fully. It was negligence on defendant Farrington's part to fully investigate. His failure to stop the proceedings at that time and fully investigate was not an act of fraud. He had at that time invested in excess of $1,800 in good faith, under the stress of emergency as to time. With the good faith effort to protect against the loss of the property at foreclosure for tax liens, he was entitled ultimately to a recovery of his good faith investment of moneys. His money was advanced into the property on the faith of a curator's mortgage. All of this was accomplished in good faith, but he should not have further proceeded on a basis of an unpaid attorneys' fee, without a full inquiry at that time. For this he should be penalized with the possibility of an entire loss of the property, in which event, however, he should have a lien retained for the reimbursement to him of all amounts invested both before the sale of the property and since that time.

The plaintiffs will be given the privilege of electing, within some definite time to be fixed by the decree to be entered herein, either of taking the property and accounting to the defendant Farrington as herein set out, or of having the case remain in this Court with jurisdiction retained for future action upon the contingency incident to the administratrix accounting to them, the plaintiffs, for the decedent's estate, after payment of the mortgage and out of pocket expenses, in accordance with this opinion.

The above discussion covers the Court's views as a statement of the law, and as a joint discussion of facts and law.

A decree should be submitted in accordance herewith, on notice to all counsel.

Each party should bear his own costs in this action.