DEWITT W. STEINER, Plaintiff, *v.* PLEASANTVILLE CONSTRUCTORS, INC., Defendant.

City Court of New York, Trial Term, Bronx County, December 23, 1943.

*Henry Amster* for plaintiff.

*Spencer & Iserman* for defendant.

SCHACKNO, J. The plaintiff, as assignee of Arthur J. Gutman, brings this action for overtime wages under the Fair Labor Standards Act of 1938, to recover double the amount of certain unpaid wages due his assignor and for reasonable attorney's fees.

The parties stipulated the following: " It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto that the following facts shall be deemed true and admitted for the purposes of this trial:

" (1) The United States of America under its contract with the defendant for the work upon which Gutman, plaintiff's assignor, was employed, exercised all rights of direction, supervision and control reserved to it thereunder; but (a) Gutman was hired by the defendant (whether as a servant or agent of the United States or as an independent contractor being left open for the court to determine) pursuant to a hiring schedule which set out certain weekly salaries of various classifications

of labor and which stated: ' The rates established above are for a forty-eight hour work week, the hours of which shall be as follows: Monday through Saturday, eight hours each day, from 8:40 A. M. to 5:20 P. M., with forty minutes allowed for lunch. No overtime or compensatory time will be allowed weekly salaried employees ', which provisions were communicated to Gutman at the time he was hired. (b) Gutman's work in excess of forty-eight hours per week and his Sunday work was handled by the defendant in compliance with the procedure outlined in a directive introduced into evidence at the examination before trial of said Gutman and now in evidence as Plaintiff's Exhibit 3. (c) Gutman was paid by the defendant and defendant was reimbursed for the amount of said payments by the United States as provided in Article 2, paragraph 1 (a) of said contract.''

Defendant contends that a cause of action under the Act is not assignable. The Act itself affords no basis for that contention. It does not expressly or by implication forbid an assignment of the cause of action, nor could such an assignment contravene public policy. I hold that the cause of action is assignable.

It is next contended that plaintiff's assignor was an employee of the United States and not of the defendant and is not subject to the provisions of the statute; if Gutman could properly be considered an employee of the United States, the Act would not be applicable to this case. However, there is no doubt, as a matter of law, that the status of the defendant in relation to the United States Government was that of an independent contractor. While the Government reserved control over the manner in which the work was to be performed and what should and should not be " cost " for which the defendant was to be reimbursed, nevertheless the defendant hired plaintiff's assignor and could " fire " him at will; neither it nor its employees could properly be regarded as employees of the United States. The usual test, by which, in common experience, men determine the employer, is to ascertain who has authority on his own account to " hire " and " fire " (*Wilkinson* v. *Noland Co.*, 40 F. Supp. 1009; *Timberlake* v. *Day & Zimmerman*, 49 F. Supp. 28; *Owin* v. *Liquid Carbonic Corp.*, 42 F. Supp. 774; *Walling* v. *Sanders*, 136 F. 2d 78, 80.) All that the United States did was to make a contract with the defendant for the construction of a training base, and defendant, in order to carry out said contract (for which it alone is responsible), hired or employed Gutman — he was its employee; it could discharge him at will. I hold that

Gutman was its employee and not employed by the Government. (*Fleming* v. *Gregory,* 36 F. Supp. 776; *Thompson* v. *Daugherty,* 40 F. Supp. 278; *Timberlake* v. *Day & Zimmerman, supra.*)

It is next contended that Gutman was an executive or administrative employee within the meaning of these terms as they are used in the statute [Act, § 13, subd. (a)]. Whether he was such must be determined not from the mere name attributed by plaintiff or defendant to their relationship, but from his activities. (*Warren-Bradshaw Drilling Co.* v. *Hall,* 317 U. S. 88; *Kirschbaum Co.* v. *Walling,* 316 U. S. 517; *Schroepfer* v. *Abell Co.,* 48 F. Supp 88, 95.) An executive is a reasonably well-understood term; duties in such capacity relate to active participation in control, supervision and management of a business. Doing routine clerical work is not acting in an executive capacity. An administrator is one who administers, a manager. One who administers affairs; one who directs, manages, executes or dispenses. (*Wilkinson* v. *Noland Co.,* 40 F. Supp. 1009, 1011, 1012, *supra.*) In the instant case, the employment classification of Gutman was that of dock clerk. Originally, he was hired by defendant's transportation manager as a warehouse and overtime clerk; his duties were to keep track of all cargo brought into the warehouse and to keep a record of all shipments loaded on overtime. Subsequently, when the work subsided, Gutman continued this work and also acted as receiving clerk and checker and did odd jobs that had to be done. It is true that he sometimes directed the work of other employees; he did not do so customarily or regularly; neither was his primary duty the direction of a customarily recognized department of the defendant. "It can hardly be held that it is unreasonable, for the purposes of this Act, to classify an employee as not being a bona fide executive when a fifth of his work is that of ordinary nonexempt employees of the same employer." (*Ralph Knight, Inc.,* v. *Mantel,* 135 F. 2d 514.) Gutman was not an executive or administrative employee.

Finally, it is contended that Gutman was paid wages in accordance with a schedule which set out his weekly salary, that such salary was established for a forty-eight-hour week, and that no overtime or compensatory time would be allowed weekly salaried employees. The Fair Labor Standards Act is a declaration of policy of the United States as to what constitutes fair labor standards and determines minimum standards for hours and wages, and persons may not by contract defeat the manifest purpose of the Act. (*McNorrill* v. *Gibbs,*

45 F. Supp. 363.) The claim that Gutman received fixed wages for a forty-eight-hour week merits but slight consideration There was no agreement providing for an hourly, rate of pay or providing that the weekly salary included additional compensation for overtime hours and, even if it be assumed that the wages included overtime compensation, it would not constitute a compliance with the overtime-compensation requirements of the statute. (*Warren-Bradshaw Drilling Co.* v. *Hall, supra.*)

The parties may, if they so desire, stipulate as to the number of overtime hours and the compensation that would be due to Gutman on account thereof, and also what would be a reasonable attorney's fee; if they cannot agree, the matter is set down for the further taking of testimony on January 4, 1944, at 10:00 A M., at Trial Term, Part III.